### HETTCHE *v.* OAKLAND CIRCUIT JUDGE.

1. PARTIES—INTERVENTION—STATUTES—TIME.

Provision of statute authorizing intervention of parties claiming an interest in the litigation ''at any time'' relates to time actions are pending in court (3 Comp. Laws 1929, § 14019).

2. DISMISSAL AND NONSUIT—PRECEDING ANSWER NO BAR TO MOTION TO DISMISS PETITION TO INTERVENE.

Fact that original petitioners in proceeding to vacate a street in platted land answered petition to intervene and claimed that intervener's remedy, if any, was in equity and that the court, in the vacation proceedings, was without power in the premises, would not bar a subsequent motion to dismiss petition to intervene.

3. APPEAL AND ERROR—APPLICATION FOR LEAVE TO APPEAL—MANDAMUS.

Application for leave to appeal from order dismissing petition to intervene in proceeding to vacate a street in platted land is

treated as a petition for an order directing circuit judge to show cause why a peremptory writ of mandamus should not issue requiring him to grant petition to intervene.

4. MUNICIPAL CORPORATIONS—PLATS—VACATION IN PART—INTERVEN-TION—DELAY—OWNER OF ADJACENT LAND.

Denial of leave to intervene in proceeding to vacate a street in platted land *held*, proper where petitioner sought intervention over a year after circuit judge had vacated the street and vested title thereto in abutting lot owners and plaintiff, who owned land on other side of vacated street but outside of subdivision, under the undisputed facts does not own and never has owned any part or parcel of the subdivision, part of which was vacated (3 Comp. Laws 1929, § 13262).

Mandamus by John J. Hettche against Frank L. Doty, Oakland Circuit Judge, to compel the setting aside of orders dismissing a motion for rehearing and dismissing petition of intervention. Submitted August 15, 1939. (Calendar No. 40,411.) Writ denied October 20, 1939.

*E. E. Juntunen* and *John L. Nelson*, for plaintiff.

*George A. Cram*, for defendant.

WIEST, J.   A plat of land in Novi township, Oakland county, containing 22 lots, recorded March 26, 1927, dedicated to the public a street about 380 feet in length, along the south line and wholly upon the platted land, with a dead end at the west line of the plat. On application of lot owners the circuit court, on June 9, 1936, vacated the street and vested title thereto in abutting plat lot owners. October 20, 1937, plaintiff herein petitioned the circuit court for leave to intervene as an interested party who should have been made a party defendant and that the order vacating the street be set aside and a rehearing ordered. Plaintiff owns land abutting the south line

of the street 154.35 feet and claims that vacation of the street vests title in him to the south half thereof adjoining his property. He also claims the street afforded access to a part of his property and this constituted him a party in interest, but admits the street was not one of necessity because of another and existing highway serving his property.

Plaintiff invokes right of intervention under 3 Comp. Laws 1929, § 14019 (Stat. Ann. § 27.663), reading:

"In an action either at law, or in equity, anyone claiming an interest in the litigation may, at any time, be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding,"

and stresses the words "at any time." The words "at any time" relate to time actions are pending in court.

The original petitioners for the vacation answered the petition to intervene and made claim therein that plaintiff's remedy, if any, was in equity, and the court was without power in the premises, and later moved the court to dismiss the petition. The motion to dismiss was granted May 31, 1938. There is no merit in the claim of plaintiff that the answer barred the motion.

Thereupon plaintiff, on June 13, 1938, appealed as of right and July 2, 1938, petitioned this court for leave to appeal. We treated the application for leave to appeal as a petition for an order directed to the circuit judge to show cause why a peremptory writ of mandamus should not issue requiring him to grant plaintiff leave to intervene. The circuit judge made return to the order, alleging reasons why denial of the leave to intervene should stand.

The original petitioners for vacation of the street moved this court to dismiss the first appeal because review was not one of right and opposed an allowed appeal in the nature of mandamus because of delay and the relief sought is inappropriate.

Was the circuit court without power to grant the intervention and reopen the proceeding at the time plaintiff applied therefor? More than a year had elapsed. True, plaintiff claims he had no earlier knowledge of the proceeding and alleges fraud and unauthorized deprivation of right of way over the street, but such matters could not confer upon the court, in a proceeding at law, power, at such a late day, to grant intervention and a rehearing. The circuit judge not only so held but also found that plaintiff, under the undisputed facts, "does not own and never has owned any part or parcel of the subdivision part of which was vacated." *

The circuit judge was right in denying plaintiff leave to intervene and the writ is denied, with costs.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.

* See 3 Comp. Laws 1929, § 13262 (Stat. Ann. § 26.495).—REPORTER.