PINTO v BUCKEYE UNION INSURANCE COMPANY

Docket No. 107996. Submitted November 12, 1991, at Detroit. Decided March 16, 1992, at 9:30 A.M. Leave to appeal sought.

Diane Pinto and John Pietrofesa sought a writ of garnishment from the Oakland Circuit Court against Buckeye Union Insurance Company, attempting to collect on a judgment of $330,000 they obtained in a malpractice action against Buckeye's insureds, Burns G. Newby, M.D., and Burns G. Newby, M.D., P.C. The court, David F. Breck, J., after Buckeye failed to file a garnishment disclosure, entered a default judgment for the plaintiffs and awarded them the policy limit of $100,000, interest on that amount from the date of the filing of the malpractice complaint, interest on the $230,000 balance of the malpractice judgment from the date of that judgment, $50,801 in attorney fees and costs awarded as mediation sanctions in the malpractice action, and interest on the award of those attorney fees and sanctions from the date of that award. The court subsequently denied Buckeye's motion to set aside the default or reduce the garnishment judgment. Buckeye appealed, disavowing liability for postjudgment interest with respect to that part of the malpractice judgment that exceeded the policy limit and liability for attorney fees, costs, and interest imposed as mediation sanctions.

The Court of Appeals held:

1. The trial court did not err in refusing to set aside the default. Buckeye did not dispute the fact of its partial liability for the malpractice judgment and did not raise a meritorious defense to the entry of the default. Nevertheless, Buckeye may contest the amount of its liability.

2. Where an insurance policy is silent with respect to the subject of postjudgment interest, the insurer is liable for postjudgment interest on an entire judgment, including any amount in excess of policy limits, during the period in which it

REFERENCES

Am Jur 2d, Alternate Dispute Resolution § 39; Insurance §§ 1553-1555.

Liability insurer's liability for interest and costs on excess of judgment over policy limit. 76 ALR2d 983.

continues litigation or forestalls payment of that portion of the judgment for which it is responsible. An insurer is liable for such interest from the date of the judgment to the date of its satisfaction. In this case, the trial court, on remand, must determine whether it was Buckeye or the insureds who were responsible for prosecuting the appeal of the malpractice case so that the trial court can properly determine Buckeye's liability for postjudgment interest, if any.

3. The purpose of mediation sanctions is to place the burden of litigation costs upon the party that insists on a trial by rejecting a proposed mediation award. Thus, where an insurer is responsible for rejecting a mediation award against its insured, it is the insurer that must bear the expense of any sanctions, and any interest thereon, imposed as a result of that rejection and without regard to whether the payment of such sanctions would cause the insurer's liability to exceed the policy limits. The record in this case is unclear with regard to the roles of Buckeye and its insureds in rejecting the mediation award in the malpractice action. The trial court, on remand, must determine who was responsible for rejecting the mediation award so that it can properly apportion liability for mediation sanctions.

Affirmed in part and remanded for further proceedings.

1. Insurance — Interest — Postjudgment Interest.

Where an insurance policy is silent with respect to the subject of postjudgment interest incurred by the insured, the insurer is liable for postjudgment interest on the entire judgment, including any amount in excess of policy limits, during the period in which the insurer continues litigation or forestalls payment of that portion of the judgment for which it is responsible.

2. Insurance — Pretrial Procedure — Rejection of Mediation Awards — Sanctions.

An insurer that rejects a mediation award against its insured must bear the expense of any mediation sanctions and any interest imposed as a result of the rejection without regard to whether payment of the sanctions would cause the insurer's liability to exceed the stated policy limits.

*Meklir, Schreier, Nolish & Friedman, P.C.* (by *Jay B. Schreier*), for Diane Pinto.

*Robert Goren, P.C.* (by *Henry Langberg*), for John Peitrofesa.

*Law Offices of Natinsky & Jaffa* (by *H. David Fee*), for Buckeye Union Insurance Company.

Before: SAWYER, P.J., and HOOD and REILLY, JJ.

SAWYER, P.J. Garnishee defendant Buckeye Union Insurance Company appeals from a default judgment entered against it in plaintiff Diane Pinto's garnishment action to collect on a judgment obtained in the underlying medical malpractice claim against defendants Burns Newby and Burns G. Newby, M.D., P.C. We affirm in part and remand for further proceedings.

Plaintiffs Pinto and John Pietrofesa obtained a judgment for $330,000 against the principal defendants in the underlying action. Buckeye had issued a medical malpractice insurance policy covering the principal defendants with a policy limit of $100,000. The default judgment was entered after Buckeye failed to file a timely garnishment disclosure form, and the judgment ordered Buckeye to pay plaintiffs the $100,000 policy limit on the underlying judgment; interest on that amount from the date of the filing of the complaint; interest on $230,000, representing the balance of the award in the malpractice action, from the date of judgment; $50,801 in attorney fees and costs arising from mediation sanctions; and interest on the $50,801 from the date of the order awarding the costs and fees. The trial court denied Buckeye's motion to set aside the default or to reduce the amount of the garnishment judgment.

Buckeye first argues that the trial court erred in refusing to set aside the default judgment. We disagree. To have a default judgment set aside, the defendant must show good cause and the existence of a meritorious defense. MCR 2.603(D)(1); *Marposs Corp v Autocam Corp,* 183 Mich App 166, 171; 454

NW2d 194 (1990). Buckeye is unable in this case to establish a meritorious defense because it is undisputed that it is liable for the payment of at least part of the judgment, with only the amount of its liability being in dispute. Although Buckeye was not entitled to have the default judgment set aside because it does have some liability, it nevertheless was entitled to challenge the amount of the judgment and to have the default judgment reduced to an amount to which it was actually liable, subject to the sanction provisions of MCR 3.101(R)(2) and (3).

Thus, the real issue in this case is whether Buckeye is liable for the amount found by the trial court. For the most part, we conclude that it is. It is undisputed that Buckeye owes the policy limit ($100,000) and statutory interest on the policy limit. Buckeye, however, denies any liability for payment of interest on the amount of the underlying judgment in excess of the policy limit, payment of the mediation sanctions, or any interest on mediation sanctions.

Turning first to the question whether Buckeye is liable for payment of postjudgment interest on that portion of the judgment that exceeded the policy limit, the insurance policy at issue is silent with respect to the issue of postjudgment interest, and the question presented appears to be one of first impression in Michigan. The Supreme Court did, in *Matich v Modern Research Corp,* 430 Mich 1; 420 NW2d 67 (1988), address this issue, but with respect to an insurance policy that contained the "standard interest clause." Although the Court concluded that the insurer had to pay postjudgment interest on the entire judgment, including the amount in excess of the policy limit, it did so on the basis of the wording of that standard interest clause.

In the case at bar, the policy does not include the standard interest clause. However, the *Matich* opinion is instructive, particularly in light of the fact that it quoted favorably from 8A Appleman, Insurance Law & Practice, § 4894.25, pp 78-79, which reads as follows:

> It seems fair to compel the insurer to pay all the interest which accrues *pending an appeal,* even though the judgment is in excess of the policy limits, for the reason that the insured might desire to pay the excess judgment and thus prevent the running of interest, but the insurer's control of the litigation would prevent him from doing so. [Emphasis supplied.]

We agree with Appleman's observation that the appropriate rule is that an insurer should be liable for the payment of postjudgment interest on the entire judgment, including any amount in excess of policy limits, during the period in which it continues the litigation or otherwise forestalls payment of that portion of the judgment for which it is responsible. We are satisfied that this rule should apply even where, as here, the insurance policy at issue is silent with regard to the issue of interest.

The fact that a policy is silent with regard to the issue of interest does not operate to the insurer's benefit. First, Buckeye concedes in its brief on appeal that it is liable for the payment of prejudgment interest,[1] even though the insurance policy is silent with regard to the issue of interest. Second, an insurer may limit the risk it assumes by including an appropriate exclusionary clause. See *Ma-*

---

[1] See *Denham v Bedford,* 407 Mich 517; 287 NW2d 168 (1980) (insurer liable to pay prejudgment interest on the portion of the judgment representing policy liability of the insurer even though combined amount of principal and interest exceeds policy limits).

*tich, supra* at 24-25. Thus, Buckeye could have included an interest clause in its contract, either the standard interest clause, which would make it liable for payment of all postjudgment interest that accrued, or a clause that would limit its liability to interest on the amount of the judgment within the policy limits. This it did not do. Because the policy is silent with regard to this issue, and in view of the fact that an insurance policy should be interpreted in favor of the insured and against the insurer,[2] we conclude that it is appropriate to apply the policy reasoning contained in Appleman, *supra,* and quoted favorably in *Matich, supra.* Therefore, the insurer is responsible for the payment of postjudgment interest on the entire amount of the judgment from the date of the entry of the judgment until the date that the insurer tenders full payment of its liability under the judgment.[3]

We note, however, that our analysis assumes that it was the insurer, and not the insured, who insisted that the appeal proceed. If the insured was a willing participant in the appeal, then it would be appropriate to require the insured to pay his share of the postjudgment interest. Although it appears that Buckeye, and not the principal defendants, were responsible for prosecuting the original appeal in this matter, we defer to the trial court for that determination. Accordingly, Buckeye may raise this issue on remand. If so requested by Buckeye, the trial court shall determine whether the original appeal was brought at the insistence of the principal defendants, Buckeye, or both.

[2] *Denham, supra* at 531-532.

[3] Although we suggest that the insurer may limit its responsibility for postjudgment interest by an appropriate exclusionary clause in the insurance policy, the issue whether such a clause would be enforceable is, of course, not before us and we offer no opinion regarding the validity of such a clause.

Buckeye shall be liable for postjudgment interest on the entire judgment only if it was solely responsible for bringing the original appeal. If both Buckeye and the principal defendants were responsible for bringing the appeal, then each would be responsible for an appropriate share. Thus, Buckeye would be liable only for postjudgment interest on the amount of the judgment within the policy limit.

Next, we turn to the question whether Buckeye is liable for the payment of fees and costs imposed as a mediation sanction under MCR 2.403(O). This also appears to be a question of first impression. We believe that, in general, it is appropriate to impose the payment of mediation sanctions upon an insurer without regard to whether the payment of those sanctions would cause the insurer's liability to exceed the stated policy limits. The purpose of mediation sanctions is to place the burden of litigation costs upon the party that insists upon a trial by rejecting a proposed mediation award. *Wayne-Oakland Bank v Brown Valley Farms, Inc,* 170 Mich App 16, 21; 428 NW2d 13 (1988).

Common sense dictates, therefore, that the expense of mediation sanctions should be imposed upon the person or entity responsible for rejecting the mediation award. This would often be the insurer, rather than the insured, in light of the insured's obligation to cooperate in the litigation. It would not be equitable to impose the expense of mediation sanctions upon an insured who had no control over the litigation, and indeed may have wished to accept the mediation award and be done with the matter, rather than upon the insurer that provided the defense of the insured and wished to reject the mediation award. It certainly would not serve the purpose underlying the mediation sanction rule.

On the other hand, if the expense of mediation sanctions is imposed on the insurer, the insurer will have to take into account the potential expense of mediation sanctions in determining whether to allow its insured to accept the mediation award. This is what is envisioned under the mediation sanction rule, and the purpose of the rule can be furthered only by requiring the person or entity responsible for rejecting the mediation award to bear the costs of that rejection.[4] Thus, where the insurer is responsible for rejecting the mediation award, it must bear the expense of any sanctions imposed as a result of that rejection.

Of course, the possibility may exist in some cases that the insured, rather the insurer, was responsible for making the decision to reject a mediation award. In fact, the policy at issue in this case contained an endorsement entitled "SMP-919," a clause of which provided that Buckeye would not settle or compromise any claim or suit under the policy except with the written consent of the insured. Thus, assuming that this clause applies to the acceptance or rejection of mediation awards, even though Buckeye presumably could have desired to accept the mediation award, the insured had the right to refuse to do so under the policy. If this were the case, then it certainly would be appropriate to impose the obligation to pay mediation sanctions upon the insured because

---

[4] This reasoning is similar to that in *Denham, supra,* concerning the requirement that an insurer must pay prejudgment interest even though the combined amount of the judgment plus interest exceeds policy limits. That is, the insurer must bear the cost of mediation sanctions imposed as a result of the insurer's decision to reject mediation even though the combined amount would exceed policy limits because the insurer controls the litigation and should, therefore, bear the risk of the expense of continuing that litigation. Without such an incentive, an insurer may well choose to reject a mediation award in hopes of forcing a lesser settlement or verdict without risk of having to pay sanctions if it is unable to do so. See *Denham, supra* at 535-536.

of the insured's decision to reject the mediation award.

It is not clear from the record before us whether Buckeye or the principal defendants were responsible for the decision to reject the mediation award. Accordingly, on remand, the trial court shall determine who was responsible for the rejection and impose the obligation of payment of mediation sanctions accordingly. If the trial court determines that both Buckeye and the principal defendants were responsible for the rejection of the mediation award, Buckeye and the principal defendants shall be jointly and severally liable to plaintiff for payment of the sanctions.[5]

Finally, there is the question whether Buckeye is responsible for the payment of interest on the mediation sanctions. We agree with this Court's decision in *Wayne-Oakland Bank, supra* at 22-23, that interest may be awarded on costs and attorney fees assessed pursuant to mediation sanctions. Accordingly, the trial court did not err in awarding interest on the award of costs and fees from the date of the entry of the order that awarded the costs and fees until the date of satisfaction.

On remand, the trial court shall determine whether Buckeye was responsible for the rejection of the mediation award and require Buckeye to pay mediation sanctions in accordance with that determination. In all other respects, the trial court's order is affirmed.

Affirmed in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.

[5] In such a situation, Buckeye might well have the right to seek reimbursement for at least a portion of the mediation sanctions against the principal defendants. However, that question is not before us.