MICHIGAN EDUCATIONAL EMPLOYEES MUTUAL INSURANCE COMPANY v TRANSAMERICA INSURANCE CORPORATION OF AMERICA

Docket No. 144945. Submitted December 8, 1993, at Grand Rapids. Decided April 4, 1994, at 9:40 A.M. Leave to appeal sought.

Michigan Educational Employees Mutual Insurance Company (MEEMIC) brought an action in the Jackson Circuit Court against Transamerica Insurance Corporation of America, Jack L. Perry, Michael R. Hinkle, and others, seeking a declaration that Transamerica must defend Perry, share in the costs to be incurred in defending Perry, and reimburse MEEMIC for its share of the costs already incurred in defending Perry in a negligence action brought on behalf of a passenger injured while in an automobile being driven by Perry or Hinkle. MEEMIC was the primary liability insurer of the automobile, and Transamerica was Perry's excess automobile liability insurer. The court, Alexander C. Perlos, J., entered a judgment declaring that Transamerica was under no duty to defend Perry. MEEMIC appealed.

The Court of Appeals *held:*

1. The trial court erred in ruling that Transamerica had no duty to defend Perry. By the time this action for a declaratory judgment was filed, it was clear that the claimed damages in the negligence action would exceed the MEEMIC policy limits, bring the action within the coverage of the Transamerica policy, and give rise to a duty by Transamerica to defend Perry.

2. The trial court erred in declaring that Transamerica had no duty to reimburse MEEMIC for the costs of Perry's defense. MEEMIC, as subrogee of Perry's rights under the Transamerica policy, may seek recovery for Transamerica's breach of the duty to defend Perry. MEEMIC may recover from Transamerica all costs of defending Perry during periods when only Transamerica had the duty to defend Perry, as well as a pro-rata share of the costs when both insurers had the duty to defend. Reversed.

REFERENCES

Am Jur 2d, Insurance §§ 1405-1413, 1781, 1782, 1792.

Allocation of defense costs between primary and excess insurance carriers. 19 ALR4th 107.

Michael J. Kelley, P.J., concurring in the result only, stated that differences between primary and excess liability insurers with respect to the same risk should be resolved without resort to subrogation rights.

1. Insurance — Insurer's Duty to Defend.

An insurer's duty to defend its insured against an action arises as soon as the pleadings or other facts known by the insurer bring the action within the policy coverage.

2. Insurance — Primary and Excess Liability Insurers — Costs of Defense.

Where an insured is covered by a primary liability policy and an excess liability policy, the costs of defending the insured against an action must be borne by the primary insurer when that insurer alone has the duty to defend, by the excess insurer when that insurer alone has the duty to defend, and by both insurers in pro-rata shares when both insurers have the duty to defend.

*Nelson & Kreuger* (by *Jon J. Schrotenboer*), for the plaintiff.

*Dilley, Dewey, & Damon, P.C.* (by *Jonathan S. Damon*), for the defendant.

Before: Michael J. Kelly, P.J., and Connor and A. A. Monton,* JJ.

Connor, J. Plaintiff Michigan Educational Employees Mutual Insurance Company (meemic) appeals as of right the declaratory judgment entered by the trial court that defendant Transamerica Insurance Corporation had no duty to defend Jack Perry or to reimburse meemic for any portion of the costs of his defense. We reverse.

Trevor Chalfant was seriously injured when an automobile in which he was riding left the road. Either Michael Hinkle or Jack Perry was driving the car; each claims the other was driving. Meemic had issued an insurance policy to the car's owner

* Circuit judge, sitting on the Court of Appeals by assignment.

that covered either driver with $100,000 of liability insurance. Transamerica had issued an insurance policy that covered Perry with $250,000 in liability insurance. Under the terms of the policies, MEEMIC provided primary coverage and Transamerica provided excess coverage.

The Chalfants brought an action against the Hinkles and Perry. MEEMIC hired separate attorneys to defend the Hinkles and Perry. It then brought this action, seeking, in pertinent part, a declaration that Transamerica had a duty to defend Perry and so had a duty to share with MEEMIC the costs of Perry's defense. The trial court declared that, as long as MEEMIC had a duty to defend Perry, Transamerica had no duty to defend him and that Transamerica had no duty to share in the costs of Perry's defense.

On appeal, MEEMIC contends that the trial court erred in ruling that Transamerica had no duty to defend Perry. We agree.

Under the terms of MEEMIC's policy, it is clear that MEEMIC had a duty to defend Perry:

> MEEMIC will defend any suit with lawyers of its choice or settle any claim for these damages as thought appropriate by MEEMIC.

However, Transamerica's policy states:

> 1. As respects such insurance as is afforded by the other terms of this Policy . . . [Transamerica] shall:
> A. Defend in his name and behalf any suit against the Insured arising from any alleged claim for bodily injury . . . .

Such a duty to defend arises as soon as the pleadings or other facts known by the insurer bring the action within the policy coverage. See *Celina Mu-*

*tual Ins Co v Citizens Ins Co,* 133 Mich App 655, 662; 349 NW2d 547 (1984).

Although the record is not exactly clear with regard to when Transamerica's duty to defend Perry arose, it is manifest that Transamerica had a duty to defend Perry by the time the declaratory judgment action was filed, because by then it was clear that there was more than $100,000 at stake. We reverse the trial court's declaratory judgment insofar as it stated that Transamerica had no duty to defend Perry.

Next, MEEMIC argues that the trial court also erred in declaring that Transamerica had no duty to reimburse MEEMIC for the cost of Perry's defense. Again, we agree.

Transamerica had a contractual duty to defend Perry. Transamerica could have fulfilled its obligation by hiring an attorney to work alongside MEEMIC's, or Transamerica could have contracted with MEEMIC to share in the costs of Perry's defense. However, because Transamerica failed to take any action to fulfill its obligation, it breached its duty to defend Perry.

As a third-party beneficiary, Perry would have a right to bring an action against Transamerica for this breach of contract. See MCL 600.1405; MSA 27A.1405. MEEMIC's policy provides that, in the event of any payment under the policy, it assumes all of Perry's rights to recover from any other person. We find that, because MEEMIC provided for Perry's defense, this provision gives MEEMIC the right to sue Transamerica for the breach.

The question remains, what is the appropriate measure of damages? Transamerica would certainly be liable to pay for costs MEEMIC incurred while providing Perry's defense when Transamerica was the only insurer with a duty to defend Perry. In addition, we believe that Transamerica is

also liable to pay its fair share of defense costs incurred during times when both Transamerica and MEEMIC had a duty to defend Perry. In *Celina, supra* at 663, this Court decided that an excess insurer in breach of its duty to defend should pay the primary insurer a pro-rata share of the costs of defense based on its ultimate liability. Consequently, we find that MEEMIC has a right to recover from Transamerica all costs of defending Perry during periods when only Transamerica had a duty to defend Perry, and a pro-rata share of the costs as provided in *Celina, supra,* when both had a duty to defend him.

Reversed.[1]

A. A. MONTON, J., concurred.

MICHAEL J. KELLY, P.J. *(concurring).* I concur in the result only.

The cases that have discussed the resolution of differences between primary and excess liability insurers with respect to the same risk have generally done so without resort to subrogation rights. Although there are clearly two schools of thought, I am not convinced that subrogation is the appropriate analytical framework. However, the parties have not framed such an analysis as critical, and I therefore concur in the result.

---

[1] MEEMIC did not appeal the declaration of the trial court concerning when its duty to defend Perry would cease, so that portion of the judgment remains unchanged.