WALLACE v RECORDER'S COURT OF DETROIT

Docket No. 152976. Submitted October 6, 1994, at Lansing. Decided November 7, 1994, at 9:55 A.M.

Patricia A. Wallace brought an action in the Court of Claims against the Recorder's Court of Detroit and the director of its psychiatric clinic, alleging defamation and wrongful discharge in violation of an implied contract of employment providing for termination for just cause only. The court, Lawrence M. Glazer, J., granted summary disposition for the defendants. The plaintiff appealed.

The Court of Appeals *held:*

1. The plaintiff may not assert breach of an implied contract in view of the existence of a collective bargaining agreement governing her employment.

2. The collective bargaining agreement provided for grievance and arbitration procedures, which the plaintiff failed to pursue. Because she failed to exhaust those remedies, she is precluded from seeking relief in court with respect to the wrongful discharge claim.

3. Governmental immunity bars the defamation claim against the Recorder's Court in the absence of an allegation of facts supporting an exception to immunity. The defamation claim against the director of the psychiatric clinic also fails, given that the plaintiff did not allege a connection between the alleged defamatory statement and the director.

Affirmed.

CORRIGAN, J., concurring, stated continued adherence to the views she expressed in a concurring opinion in *Thorin v Bloomfield Hills Bd of Ed,* 203 Mich App 692 (1994).

1. CONTRACTS — IMPLIED CONTRACTS — EXPRESS CONTRACTS.

A party may not seek to enforce an implied contract where an express agreement has been made covering the same subject matter.

REFERENCES

Am Jur 2d, Contracts §§ 12-14, 25; Master and Service § 67.

What law governs employee's right to damages for wrongful discharge. 61 ALR2d 917.

2. Master and Servant — Collective Bargaining Agreements —
   Exhaustion of Remedies — Wrongful Discharge.

   Failure to exhaust remedies under the grievance and arbitration
   provisions of a collective bargaining agreement covering public
   sector employment precludes the bringing of an action for
   wrongful discharge by an employee subject to the collective
   bargaining agreement.

*Melvin Houston* and *Veleta Brooks-Burkett,* for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Gary P. Gordon* and *Thomas Quasarano,* Assistant Attorneys General, for the defendants.

Before: Reilly, P.J., and Corrigan and R. J. Jason,* JJ.

Reilly, P.J. Plaintiff appeals as of right from the trial court's order granting defendants' motion for summary disposition and dismissing her claims of wrongful discharge (hostile environment) and defamation. We affirm.

Plaintiff was employed by the State Judicial Council (sjc) as the chief clinical psychologist when she resigned in August 1990. It is undisputed that there was no direct agreement between plaintiff and the sjc. Rather, her employment was subject to a labor agreement between the sjc and the Government Administrators' Association (gaa) at the time of her resignation.

Plaintiff alleged that she was constructively discharged because of acts of the clinic director that allegedly violated the Recorder's Court "written employment policies and labor agreement in effect at the time." However, contrary to MCR 2.113(F), plaintiff failed to attach to her complaint a copy of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the employment policies or the labor agreement upon which she relies. Subsequently, plaintiff indicated that her wrongful discharge claim was based on the theory of an implied contract providing for termination for just cause only, as recognized in *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980).

Defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(4), (7), (8), and (10). According to defendants' exhibits, plaintiff sought a grievance investigation for the defendants' "unjust discipline . . . without following the disciplinary procedure as outlined in the contract agreement," in violation of "Article 11, Section A." However, plaintiff never exhausted her administrative remedies under the grievance procedure provided by the collective bargaining agreement. Article 9, Step 4(F) of that agreement provides that the arbitrator's decision shall be "final and binding" if rendered in accordance with the arbitrator's jurisdiction and authority under the agreement. Consequently, defendants argue, plaintiff is precluded from seeking relief in court.

Defendants also contend that plaintiff, as a governmental employee, may not sue for breach of contract. Defendants rely on *Matulewicz v Governor,* 174 Mich App 295, 304; 435 NW2d 785 (1989), where this Court stated:

> As plaintiffs are civil servants who do not have contracts of employment either express or implied, the circuit court properly dismissed plaintiffs' count for breach of contract for failure to state a claim upon which relief can be granted.

The trial court granted summary disposition of the wrongful discharge claim, ruling that *Matulewicz, supra,* applied to the undisputed facts of this situa-

tion, and that "there is no *Toussaint*-type wrongful discharge in the case of a governmental employee who has any kind of civil service protection. She could conceivably have an appeal of the discharge, if there was a discharge, but I think that would have to be determined first by an administrative body."

After the trial court issued its decision, this Court decided *Manning v Hazel Park,* 202 Mich App 685, 690-691; 509 NW2d 874 (1993), and *Thorin v Bloomfield Hills Bd of Ed,* 203 Mich App 692; 513 NW2d 230 (1994), both of which held that a wrongful discharge claim under *Toussaint* is applicable to public employees. However, in those cases, and the cases upon which they rely, the plaintiffs were not members of a union or association that had entered into a collective bargaining agreement with the governmental employer. Unlike the plaintiff in this case, they had no contractual right to determine, through a grievance process or otherwise, whether they were entitled to be discharged only for "just cause" or whether any contractual rights had been violated. Because *Manning* and *Thorin* are distinguishable, we decline to apply them to the case before us.

We agree with the trial court that, although plaintiff is not a "civil servant" subject to the rules of the Civil Service Commission, she is entitled to similar protection under the grievance procedure of the collective bargaining agreement. With certain exceptions not relevant here, policies regarding conditions and terms of employment are subjects of any collective bargaining between the SJC and the associations representing the state-paid employees serving in the Recorder's Court. MCL 600.9104; MSA 27A.9104. Because matters of discipline and termination were expressly covered in the GAA collective bargaining agreement, plaintiff

is bound by its terms. A party may not seek to enforce an implied contract where an express agreement has been made covering the same subject matter. *Scholz v Montgomery Ward & Co, Inc,* 437 Mich 83, 93; 468 NW2d 845 (1991). Therefore, we conclude that plaintiff was not entitled to rely on *Toussaint, supra,* in pursuing her wrongful discharge claim. Moreover, because she failed to exhaust her remedies under the grievance procedure, she is precluded from seeking judicial review of her alleged wrongful discharge. See *Samuel v Dep't of Mental Health,* 140 Mich App 101, 107-109; 364 NW2d 294 (1985), and *Mollett v City of Taylor,* 197 Mich App 328; 494 NW2d 832 (1992). Summary disposition of the wrongful discharge claim properly was granted under MCR 2.116(C)(10).

Also, even if plaintiff's complaint does state a claim for defamation, *Gonyea v Motor Parts Federal Credit Union,* 192 Mich App 74, 76-77; 480 NW2d 297 (1991); *Sawabini v Desenberg,* 143 Mich App 373, 379; 372 NW2d 559 (1985), we find that summary disposition properly was granted to defendants on the basis of governmental immunity. MCR 2.116(C)(7). In responding to defendants' motion, plaintiff failed to allege facts justifying application of an exception to governmental immunity, i.e., facts supporting an inference that defendant Recorder's Court was not engaged in the exercise of a governmental function when the alleged defamatory statement was made. MCL 691.1407(1); MSA 3.996(107)(1); *Wade v Dep't of Corrections,* 439 Mich 158, 162; 483 NW2d 26 (1992). Moreover, we reject plaintiff's assertion that the defamation claim should survive with respect to defendant director of the Recorder's Court Psychiatric Clinic given that (1) plaintiff's complaint does not allege that defendant director was connected to the mak-

ing of the statement and (2) plaintiff admitted in her deposition that she does not know who made the statement.

Affirmed.

R. J. Jason, J., concurred.

Corrigan, J. *(concurring).* I concur in Judge Reilly's fine opinion. I also continue to adhere to the views expressed in my concurring opinion in *Thorin v Bloomfield Hills Bd of Ed,* 203 Mich App 692; 513 NW2d 230 (1994).