BLACK v DEPARTMENT OF SOCIAL SERVICES

Docket No. 159681. Submitted March 8, 1995, at Lansing. Decided April 28, 1995; approved for publication July 19, 1995, at 9:05 A.M.

Phillip Black, a ward of Washtenaw County, petitioned the Washtenaw Circuit Court for judicial review of a decision by a hearing referee of the Department of Social Services denying an application for retroactive Medicaid benefits on the ground that eligibility verification requirements had not been complied with in a timely manner. The court, Donald E. Shelton, J., allowed the county to intervene as a petitioner and reversed the decision of the hearing referee. The department appealed.

The Court of Appeals *held:*

1. The circuit court abused its discretion by allowing the county to intervene. Even though the county, as Black's representative, filled out the application for benefits, the county is not an "applicant" in the sense in which that term is used in MCL 400.37; MSA 16.437, which provides that the applicant or recipient may appeal to the circuit court a denial or an award of benefits.

2. The circuit court failed to give due deference to the hearing referee's decision not to grant Black an exception to the three-month limitation on retroactive benefits on the ground that the failure to provide the requested eligibility verification in a timely manner was not a unique and rare circumstance warranting an exception.

3. Sufficient evidence supported the hearing referee's finding that the county had been notified that Black's application was incomplete and that additional information was needed. In reviewing that finding, the circuit court erred in determining that the finding had to be supported by a preponderance of the evidence.

Reversed.

Legal Services of Southeastern Michigan, Inc. (by *James E. Schaafsma*), for Phillip Black.

*Harris, Guenzel, Meier & Nichols, P.C.* (by *Curtis N. Hedger*), for Washtenaw County.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and Erica Weiss Marsden, Assistant Attorney General, for the Department of Social Services.

Before: DOCTOROFF, C.J., and CAVANAGH and SMOLENSKI, JJ.

PER CURIAM. Respondent appeals as of right an order of the circuit court reversing the decision of a hearing referee who had ruled that respondent properly denied petitioner retroactive medical assistance benefits to cover an outstanding bill of $27,000 at Abbott Northwestern Hospital in Minnesota. We reverse.

Petitioner, a juvenile ward of intervening petitioner Washtenaw County, sought coverage from respondent for out-of-state substance abuse treatment. Respondent denied coverage because petitioner failed to comply with eligibility verification requirements in a timely manner. Respondent refused to extend a hardship exception to provide retroactive benefits beyond the statutory period.

I

Respondent first argues that the circuit court erred in allowing Washtenaw County to intervene in this case. The decision whether to grant a motion to intervene is within the trial court's discretion. The rule should be liberally construed to allow intervention where the applicant's interests may be inadequately represented. *Precision Pipe & Supply, Inc v Meram Construction, Inc,* 195 Mich App 153, 156; 489 NW2d 166 (1992).

MCL 400.37; MSA 16.437 provides in pertinent part:

If the application be disallowed, or if the appli-

cant is dissatisfied with the amount of the assistance he is receiving, or is to receive, he may demand, in writing, a hearing of his case . . . . *The applicant or recipient* may appeal to the circuit court of the county in which he resides, which court shall have power to review questions of law involved in any final decision or determination of the state department. [Emphasis added.]

Washtenaw County contends that it was an applicant under the statute because it applied for benefits for petitioner. The county argues that governmental entities that apply for Medicaid benefits on behalf of minors in their custody must be considered "applicants" under the statute. Otherwise, the county asserts, the word "or" in the statute would be rendered nugatory.

Unless defined in the statute, every word or phrase should be accorded its plain and ordinary meaning. MCL 8.3a; MSA 2.212(1); *Consumers Power Co v Lansing Bd of Water & Light,* 200 Mich App 73, 76; 503 NW2d 680 (1993).

We do not believe that Washtenaw County may properly be considered an "applicant." While the county did complete the application in this case, it did so on petitioner's behalf as an authorized representative. Contrary to Washtenaw County's assertion, this interpretation does not deprive the word "or" in the statute of meaning. A person whose application is denied would be an applicant but not a recipient; an individual who is dissatisfied with the level of his benefits would be a recipient but not an applicant.

We believe the circuit court abused its discretion by allowing Washtenaw County to intervene. It is true that if petitioner's hospital bill is not paid through Medicaid, the county would be responsible because it referred petitioner to the facility. However, this did not give the county an interest

relating to petitioner's benefits. The county's obligation to the hospital is separate and distinct from petitioner's right to Medicaid coverage.

II

Respondent also argues that the circuit court erred in reversing the decision of the hearing referee denying petitioner's request for an exception to the three-month limitation on retroactive benefits.

When reviewing a decision of an administrative agency, a court must review the entire record to determine whether the decision is supported by competent, material, and substantial evidence. When there is sufficient evidence to support an administrative decision, a reviewing court may not substitute its discretion for that of the administrative tribunal even if the court might have reached a different result. *In re Kurzyniec Estate,* 207 Mich App 531, 537; 526 NW2d 191 (1994).

After reviewing the record, we conclude that the circuit court failed to give the appropriate degree of deference to respondent's decision. Petitioner requested an exception to the three-month limitation on retroactive benefits. Respondent's program eligibility manual provides that a policy exception will be granted when "needed based on unique and rare circumstances in a specific case to avoid extreme and unusual hardship on the client." Respondent denied petitioner's exception request because failing to provide requested verification in a timely manner is not a unique or rare circumstance. We believe an agency's finding that an occurrence is not rare or unique should be accorded great deference.

The trial court also ruled that the referee's

finding that the county had notice that petitioner needed to provide additional information was not supported by a preponderance of the evidence. However, the trial court applied the wrong standard. The decision of a hearing referee must be supported by competent, material, and substantial evidence. Substantial evidence is that which a reasonable mind would accept as adequate to support a decision. It is more than a mere scintilla but less than a preponderance of the evidence. *Kurzyniec, supra.*

After reviewing the record, we conclude that sufficient evidence was presented to support the referee's finding that the county had been notified that petitioner's application was incomplete. Respondent's employee, Shirley Moomaw, testified that she told petitioner's caseworker over the phone that additional information was needed. In addition, respondent sent correspondence to the juvenile court address, which, though not addressed to petitioner's caseworker, was not returned.

Reversed.