NEAL v NEAL

Docket No. 173858. Submitted July 1, 1996, at Lansing. Decided October 15, 1996, at 9:25 A.M.

Cynthia Neal brought an action in the Isabella Circuit Court against Charles Neal, alleging and seeking damages for negligence in an automobile accident. Mediation resulted in an evaluation in favor of the plaintiff, which the defendant accepted but the plaintiff rejected. A jury returned a verdict of no cause of action, and the court, Paul H. Chamberlain, J., awarded costs and mediation sanctions to the defendant. Upon learning of the plaintiff's refusal to pay costs and mediation sanctions, Farm Bureau Mutual Insurance Company of Michigan, which, as the defendant's insurer, had paid for the defendant's defense, moved to intervene and be substituted for the defendant for the purpose of collecting the mediation sanctions from the plaintiff. The court denied the motion. Farm Bureau appealed by leave granted.

The Court of Appeals *held*:

The trial court abused its discretion in denying Farm Bureau's motion to intervene. Farm Bureau's policy provided it with a right to be subrogated to all the insured's rights of recovery against any person in the event of a payment under the policy. Farm Bureau's payment of the defendant's defense costs constituted a payment under the policy for which it may seek recovery under its contractual right of subrogation. Alternatively, Farm Bureau is entitled by equitable subrogation to collect the mediation sanctions. Finally, the motion for intervention and substitution, filed one month after Farm Bureau learned that the plaintiff would not pay costs and mediation sanctions, was not untimely.

Reversed and remanded.

O'CONNELL, J., concurring, stated that it was not necessary to address the issue of equitable subrogation in view of Farm Bureau's express contractual right of subrogation.

1. SUBROGATION — INSURANCE — MEDIATION SANCTIONS.

A liability insurer's right under its policy to be subrogated to all the insured's rights of recovery against any person for payments made under the policy includes subrogation to the insured's rights under an award of mediation sanctions in a negligence action in which

the insurer provided the insured's defense; payment of the insured's defense costs constitutes payment under the policy.

2. SUBROGATION — EQUITABLE SUBROGATION.

Equitable subrogation is a legal fiction through which a person who pays a debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other.

*Gray, Sowle & Iacco, P.C.* (by *Loren E. Gray*), for Cynthia Neal.

*Willingham & Coté, P.C.* (by *John A. Yeager* and *Curtis R. Hadley*), for Farm Bureau Mutual Insurance Company of Michigan.

Before: MURPHY, P.J., and O'CONNELL and M. J. MATUZAK,* JJ.

MURPHY, P.J. Farm Bureau Mutual Insurance Company of Michigan appeals by leave granted from a March 8, 1994, order of the Isabella Circuit Court denying its motion to intervene. Farm Bureau claims that it is entitled to intervene for the purpose of enforcing a mediation sanctions order entered against plaintiff in this negligence action against her husband, Farm Bureau's insured. We agree and reverse and remand the case to the trial court.

Plaintiff sued her husband, Charles Neal, for negligence arising out of a one-car accident. The case went to mediation. Farm Bureau, on behalf of Mr. Neal, accepted the award of $35,000 in favor of plaintiff, but she rejected the award. At trial, Farm Bureau provided a defense to Mr. Neal. After the jury returned a verdict of no cause of action, defense counsel moved for an order taxing costs and media-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion sanctions. Plaintiff was ordered to pay costs and mediation sanctions in the amount of $4,752.34.

When defense counsel wrote to plaintiff's counsel seeking payment, plaintiff's counsel responded that plaintiff had informed him that her husband wished to waive the imposition of any costs or sanctions. Recognizing a conflict of interest for defense counsel it hired to represent Mr. Neal, Farm Bureau hired separate counsel to pursue the matter. That attorney sent a letter to Mr. Neal asking whether he intended to interfere with Farm Bureau's right to collect the costs and mediation sanctions and noting the subrogation provision of his insurance policy with Farm Bureau. The letter asked Mr. Neal to disavow any intent to interfere with the collection of costs and mediation sanctions. Mr. Neal responded, stating that he had not intended to violate the policy, he did not wish to pursue any claim for costs against his wife, and he would prefer that Farm Bureau not attempt to collect costs. He also stated that he did not understand the policy language quoted in counsel's letter because no payment was made to his wife.

Farm Bureau then filed a motion for intervention and substitution, claiming that it fulfilled its contractual obligation to Mr. Neal by defending him in the action and that it was the real party in interest with regard to the recovery of mediation sanctions. The trial court denied the motion, finding that it was not timely filed.

The decision whether to grant a motion to intervene is within the trial court's discretion. The rule for intervention should be liberally construed to allow intervention where the applicant's interests may be inadequately represented. *Black v Dep't of Social Ser-*

*vices*, 212 Mich App 203, 204; 537 NW2d 456 (1995). However, "intervention may not be proper where it will have the effect of delaying the action or producing a multifariousness of parties and causes of action." *Precision Pipe & Supply, Inc v Meram Construction, Inc*, 195 Mich App 153, 157; 489 NW2d 166 (1992).

We believe the trial court abused its discretion in denying Farm Bureau's motion to intervene. Farm Bureau argues that the purpose of the mediation sanctions rule requires that it be allowed to intervene in this case. A party who rejects a mediation evaluation is subject to sanctions if the party fails to improve its position at trial. MCR 2.403(O). The purpose of the mediation rule is to expedite and simplify final settlement of cases. The sanction provision of the rule places the burden of litigation costs on the party who insists on trial by rejecting a proposed mediation award, the reasonableness of which is measured by the outcome of the trial. See *Meagher v McNeely & Lincoln, Inc*, 212 Mich App 154, 157; 536 NW2d 851 (1995); *Smith v Elenges*, 156 Mich App 260, 263; 401 NW2d 342 (1986).

Farm Bureau relies on *Pinto v Buckeye Union Ins Co*, 193 Mich App 304; 484 NW2d 9 (1992), for the proposition that it is appropriate to look past nominal parties when considering mediation sanctions. In *Pinto*, this Court found that the insurer rather than the insured would be responsible for mediation sanctions if the insurer controlled the litigation and rejected the mediation award. *Id.* at 310-311. Farm Bureau argues that implicit in this holding is a determination that the purpose of mediation sanctions would be thwarted if a party could evade paying

mediation sanctions by the technicality that the insurer is not a named party. We agree.

Farm Bureau contends that it has a right to collect mediation sanctions by contract. Farm Bureau was obligated by its insurance policy to defend Mr. Neal in the negligence action brought by plaintiff. The subrogation provision of the policy, relating to liability and physical damage, provides in part:

> In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor, against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights.

Farm Bureau claims that the mediation sanctions represent a partial reimbursement for its payment of defense costs in connection with defending Mr. Neal. Plaintiff argues that the subrogation provision applies to the payment of a claim under the policy and has nothing to do with the costs of defense.

We find Farm Bureau's argument persuasive. In *Michigan Educational Employees Mutual Ins Co v Transamerica Ins Corp of America*, 204 Mich App 440; 516 NW2d 93 (1994), rev'd on other grounds 450 Mich 429; 537 NW2d 879 (1995), the primary insurance policy provided that the insurer assumed all of the insured's rights to recover from any other person in the event of any payment under the policy, and the primary insurer assumed the insured's defense and sought to pay the limits of its policy and be excused from the defense. Because the insured would have a right to bring an action against the excess insurer for failing to defend him or share in the defense costs, this Court found that the primary insurer had a right

to sue the excess insurer for reimbursement of
defense costs. *Id.* at 443. Similarly, the insurance pol-
icy in this case provides that Farm Bureau shall be
subrogated to the insured's rights of recovery in the
event of any payment under the policy, and Farm
Bureau paid for Mr. Neal's defense. Mr. Neal has a
right to collect costs and mediation sanctions because
plaintiff rejected the mediation award and failed to
prevail at trial. As in *Michigan Educational Employ-
ees Mutual,* the defense costs incurred by Farm
Bureau may be considered as payments under its pol-
icy. Therefore, Farm Bureau should be entitled to
recover such costs in the form of mediation sanctions
under a contract subrogation theory.[1]

Farm Bureau also argues that it has a right to col-
lect mediation sanctions by equitable subrogation.
Because a contract cannot be implied in law while an
express contract covering the same subject matter is
in force between the parties, *Scholz v Montgomery
Ward & Co, Inc,* 437 Mich 83, 93; 468 NW2d 845
(1991); *Wallace v Recorder's Court,* 207 Mich App 443,
447; 525 NW2d 481 (1994); *Cascade Electric Co v
Rice,* 70 Mich App 420, 426; 245 NW2d 774 (1976), we
consider this issue in the alternative and conclude
that Farm Bureau would be entitled to collect the
costs and mediation sanctions under the doctrine of
equitable subrogation.

Equitable subrogation is a legal fiction through
which a person who pays a debt for which another is

---

[1] In reversing this Court's decision in *Michigan Educational Employees
Mutual,* the Supreme Court held that the primary insurer should have
defended the insured and paid the defense costs up to its policy limit and
the excess insurer was liable for the defense costs incurred only after the
primary insurer was excused under the terms of its policy. 450 Mich 439.
This holding does not affect our analysis.

primarily responsible is substituted or subrogated to all the rights and remedies of the other. *Commercial Union Ins Co v Medical Protective Co*, 426 Mich 109, 117; 393 NW2d 479 (1986). It is a "flexible and elastic equitable doctrine, and hence 'the mere fact that the doctrine of subrogation has not been previously invoked in a particular situation is not a prima facie bar to its applicability.' " *Atlanta Int'l Ins Co v Bell*, 438 Mich 512, 521; 475 NW2d 294 (1991), quoting 73 Am Jur 2d, Subrogation, § 1, p 602. However, subrogation is not available to a "mere volunteer." *Auto Club Ins Ass'n v New York Life Ins Co*, 440 Mich 126, 132; 485 NW2d 695 (1992).

In *Atlanta Int'l Ins Co, supra,* the Supreme Court considered whether defense counsel retained by an insurer to defend its insured can be held answerable to the insurer for professional malpractice. In determining that the doctrine of equitable subrogation permits the insurer to sue counsel for malpractice, the Court made findings that may be analogized to the present case. Noting that counsel's immunity from suit by the insurer would place the loss for the attorney's misconduct on the insurer and "[t]he only winner . . . would be the malpracticing attorney," the Court found that "[e]quity cries out for application [of the doctrine of equitable subrogation] under such circumstances." 438 Mich 522. In this case, plaintiff's immunity from collection of mediation sanctions by Farm Bureau would place the loss for defense costs on the insurer and plaintiff would be "the winner" even though she rejected the mediation award and failed to prevail at trial. As a result, plaintiff would suffer no real risk in rejecting the mediation award. We believe that equity should be applied under these

circumstances because Farm Bureau would have been responsible for mediation sanctions had it rejected the mediation award and lost at trial. See *Pinto, supra* at 310-311.

In *Atlanta Int'l Ins Co, supra,* the Supreme Court also found that the insured has no real incentive to pursue a malpractice action against the defense attorney because the insurer, rather than the insured, is required to satisfy a judgment arising from the attorney's malpractice. Similarly, in the present case, the insured has no incentive to pursue collection of costs and mediation sanctions because he will not receive the money. In fact, where the insured is married to the opposing party who rejected the mediation award, there may be an incentive not to collect the costs because they may come out of the marital estate.

Finally, the Supreme Court noted that allowing the insurer to stand in the shoes of the insured under the doctrine of equitable subrogation best serves the public policy underlying the attorney-client relationship and properly imposes the social costs of malpractice where they belong. 438 Mich 521. Likewise, allowing the insurer to stand in the shoes of the insured to collect mediation sanctions to cover defense costs best serves the public policy underlying the sanctions rule to expedite and simplify final settlement of cases by placing the burden of litigation costs on the party who insists on trial by rejecting the mediation evaluation.

With regard to the trial court's finding that the motion to intervene was untimely, Farm Bureau filed the motion less than one month after it was advised of Mr. Neal's position. Farm Bureau sought intervention for the limited purpose of enforcing the trial

court's order regarding costs and mediation sanctions to cover defense costs incurred in successfully defending Mr. Neal, and it did not attempt to address the merits of the case after judgment had been entered as in the cases relied on by the trial court. See *Ferndale School Dist v Royal Oak Twp School Dist No 8*, 293 Mich 1; 291 NW 199 (1940); *Hettche v Oakland Circuit Judge*, 290 Mich 453; 287 NW 877 (1939). Considering that the sanctions order remained unsatisfied at the time the motion to intervene was filed, the fact that it was not filed until ten months after the judgment of no cause of action was entered and nine months after the sanctions order was entered is not determinative.

Reversed and remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

M. J. MATUZAK, J., concurred.

O'CONNELL, J. (*concurring*). I concur with the majority's conclusion that the subrogation provision of the insurance contract in issue allows intervening defendant insurer to enforce the mediation sanctions awarded below. However, I would find it unnecessary to address the issue of equitable subrogation in light of the fact that the express language of the contract provides that the insurer "shall be subrogated to all the insured's rights of recovery . . . ." Generally, a contract cannot be implied in law while an express contract covering the same matter is in force between the parties. See *Scholz v Montgomery Ward & Co, Inc*, 437 Mich 83, 93; 468 NW2d 845 (1991); *Wallace v Recorder's Court*, 207 Mich App 443, 447; 525 NW2d

481 (1994); *Cascade Electric Co v Rice*, 70 Mich App 420; 245 NW2d 774 (1976).