*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DOMESTIC UNIFORM RENTAL,

        Plaintiff-Appellee,

v

FALCON TRANSPORT CO, FALCON
TRANSPORTATION, and KEITH DELANEY,

        Defendants,

and

MARQUETTE TRANSPORTATION FINANCE
LLC,

        Appellant,

and

FORD MOTOR COMPANY, ARCELOMITTAL
USA INC., UNITED STATES STEEL CORP.,
NEXTEER AUTOMOTIVE CORP., GENERAL
MOTORS COMPANY, and MAHLE BEHR USA
INC.,

        Garnishee Defendants.

UNPUBLISHED
November 12, 2020

No. 350112
Oakland Circuit Court
LC No. 2019-172034-CB

Before: STEPHENS, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

-1-

Appellant appeals by leave granted[1] the trial court's order denying appellant's motion to intervene in plaintiff's garnishment proceeding. We reverse and remand for further proceedings consistent with this opinion.

On February 21, 2019, plaintiff obtained an arbitration award in its favor, and against defendants, a multinational trucking company that hauled new cars and trucks. When defendants did not satisfy the judgment, plaintiff initiated an action in the Circuit Court, which resulted in the court entering a judgment in plaintiff's favor and against defendants for approximately $30,000 and permitting garnishments to collect the judgment from garnishee defendants.

During the garnishment proceeding, appellant filed a motion to intervene, objection to garnishment, and motion for acknowledgment of priority of its interest in defendants' accounts. Appellant, part of UMB Bank in Minnesota, contended that defendants were indebted to it for $7.1 million, and appellant held a first-priority security interest in defendants' accounts. Appellant asserted that it informed defendants' debtors to forward any payment owed to defendants to appellant, as lender. Appellant argued it was entitled to intervene in the proceedings as of right, under MCR 3.101(L)(2) and MCR 2.209(A)(1) and (3), because the garnishment proceeding would impair its ability to protect its security interest and because no existing party adequately represented appellant's interests. Plaintiff responded to appellant's motion to intervene, arguing appellant lacked standing. Plaintiff contended even if appellant had standing, it should not be permitted to intervene because appellant cannot establish intervention is proper and it would be unduly burdensome on the trial court and parties involved.

The trial court found appellant could not demonstrate it was registered in Michigan so as to establish standing and denied appellant's motion to intervene. Appellant moved for reconsideration, arguing the trial court erred in denying its motion to intervene because: (1) plaintiff did not raise the statutory basis for denying appellant's motion before the June 26, 2019 hearing; (2) even if MCL 450.2051 applied, it did not bar appellant from defending an action or proceeding in Michigan, and (3) even if MCL 450.2051 applied, appellant was not required to file a certificate of authority because it was not transacting business in Michigan. The trial court denied appellant's motion for reconsideration.

A trial court's decision on a motion to intervene is reviewed by this Court for an abuse of discretion. *Hill v LF Transp, Inc*, 277 Mich App 500, 507; 746 NW2d 118 (2008). "A trial court abuses its discretion when it reaches a decision that falls outside the range of principled outcomes." *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 383; 808 NW2d 511 (2011). This Court reviews "issues of law, including the interpretation and application of courts rules," de novo. *Id*. Statutory construction principles are used "when interpreting the court rules, applying the rule's plain and unambiguous language as written." *Spine Specialists of Mich, PC v State Farm Mut Auto Ins Co*, 317 Mich App 497, 501; 894 NW2d 749 (2016).

This Court also reviews de novo whether the trial court properly interpreted and applied the relevant statutes. *Mich Ass'n of Home Builders v City of Troy*, 504 Mich 204, 212; 934 NW2d

---

[1] *Domestic Uniform Rental v Falcon Transport Co*, unpublished order of the Court of Appeals, entered November 20, 2019 (Docket No. 350112).

713 (2019). In interpreting a statute, the reviewing court's role is to determine the legislative intent that may reasonably be inferred from the express language in the statute. *Id*. If the statutory language is unambiguous, then the statute must be applied as written without judicial interpretation. *Id*. It is presumed "the Legislature intended the meaning it plainly expressed . . . ." *Cox v Hartman*, 322 Mich App 292, 298-299; 911 NW2d 219 (2017) (quotation marks and citation omitted).

On appeal, appellant argues it had both standing and the authority to intervene in plaintiff's garnishment proceeding because it was not required to have a certificate of authority under MCL 450.2051, and was not transacting business in Michigan. In addition, appellant asserts the trial court's denial to intervene was not harmless error because appellant's intervention was not futile. We agree.

To intervene in a litigation a party must demonstrate that the party has standing to assert his or her claims. *In re Anjoski*, 283 Mich App 41, 52 n 4; 770 NW2d 1 (2009). The trial court found appellant could not demonstrate that it filed a certificate of authority in Michigan and that it thus did not establish it had standing to intervene. The decision was based on the trial court's interpretation of MCL 450.2051(1), which is contained in the Michigan Business Corporations Act (MBCA), MCL 450.1101 *et seq*. According to MCL 450.2051(1), "[a] foreign corporation transacting business in this state without a certificate of authority shall not maintain an action or proceeding in any court of this state until the corporation has obtained a certificate of authority." MCL 450.2051(1).

But, the MBCA "does not apply to insurance, surety, savings and loan associations, fraternal benefit societies, and banking corporations." MCL 450.1123(2). While the MBCA does not define "banking corporation," the Legislature has defined relevant terms in the Banking Code of 1999. There, the Legislature indicates that a "consolidated bank" and a "consolidated organization" encompass both in-state and out-of-state banks. MCL 487.11201(p), (q), and (r).

Here, appellant is a subsidiary of UMB Bank, N.A. There is no dispute that, as part of UMB Bank, appellant provides financing solutions for the trucking industry. Thus, this Court observes that MCL 450.1123(2) would likely preclude the MBCA from applying to appellant.

Even, however, if the MBCA applied, appellant was not required to have a certificate of authority to intervene because it was not "transacting business" in Michigan, under the applicable definitions. Specifically, MCL 450.2012(1) states that "a foreign corporation is not considered to be transacting business in this state," under the MBCA, solely because it is participating in any of the following activities:

(a) Maintaining, defending, or settling any proceeding.

* * *

(g) Creating or acquiring indebtedness, mortgages, security interests in real or personal property.

(h) Securing or collecting debts or enforcing mortgages and security interests in property securing the debts. [MCL 450.2012(1).]

-3-

Appellant was clearly moving to intervene in order to protect its security interest and to collect a debt owed it. A review of the record shows that defendants, Ohio entities, were indebted to appellant for approximately $7.1 million. To recoup its loan, appellant obtained a perfected security interest in defendants' accounts. When defendants abruptly went out of business, appellant sought collection of its loan by enforcing its security interest. Because these activities are not considered to be transacting business in this state, appellant's lack of certificate of authority does not preclude it from intervening in the current action under MCL 450.2051(1).

Additionally, MCL 450.2051(2) states, "[f]ailure of a foreign corporation to obtain a certificate of authority to transact business in this state does not impair the validity of a contract or act of the corporation, and does not prevent the corporation from defending an action or proceeding in a court of this state." And MCR 3.101(L)(2) states:

> (2) If the garnishee's disclosure declares that a named person other than the defendant and the plaintiff claims all or part of the disclosed indebtedness or property, the court may order that the claimant be added as a defendant in the garnishment action under MCR 2.207. The garnishee may proceed under MCR 3.603 as in interpleader actions, and other claimants may move to intervene under MCR 2.209. [MCR 3.101(L)(2).]

While it is unclear whether any garnishee disclosure identified appellant as a claimant, if any did so, appellant would be a defendant in the garnishment action, regardless of plaintiff's contrary characterization of appellant.

Appellant having demonstrated that it had standing to intervene in the action, we next address whether, as appellant contends, the trial court's denial of its motion to intervene was not harmless error. As previously indicated, MCR 2.209 governs intervention and, in relevant part, states:

> (A) Intervention of Right. On timely application a person has a right intervene in an action:
>
>> (1) when a Michigan statute or court rule confers an unconditional right to intervene;
>>
>> (2) by stipulation of all the parties; or
>>
>> (3) when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. [MCR 2.209(A)(1) through(3).]

Thus, outside of a statute or court rule conferring a right to intervene, a party has standing if it has a substantial stake in the outcome of the controversy that will be detrimentally affected in a manner different from the citizenry at large. *Lansing Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 373; 792 NW2d 686 (2010).

The court rule permitting intervention should be liberally construed "to allow intervention where the applicant's interests may be inadequately represented." *Neal v Neal*, 219 Mich App 490, 492; 557 NW2d 133 (1996). "[T]he concern of inadequate representation of interests need only exist; inadequacy of representation need not be definitely established. Where this concern exists, the rules of intervention should be construed liberally in favor of intervention." *Vestevich v West Bloomfield Twp*, 245 Mich App 759, 762; 630 NW2d 646 (2001). However, intervention may be improper if it would cause a delay of the action or produce "a multifariousness of parties and causes of action." *Neal*, 219 Mich App at 493.

Here, appellant's motion to intervene was timely under MCR 2.209(A). The general 14-day rule for objections to garnishments did not apply to appellant because plaintiff never served appellant with a writ of garnishment. MCR 3.101(K)(1). Appellant diligently sought intervention when it filed its motion within a month of learning of plaintiff's writs of garnishment. Because appellant promptly filed its motion, without significant delay and before plaintiff received any payments, appellant's motion to intervene was timely. Moreover, while appellant may be able to pursue the existing parties in a separate litigation to enforce its security interest, such action would create further delay and litigation of a claim that could be resolved in this action.

Appellant also undeniably had an interest in plaintiff's garnishment proceeding, as required by MCR 2.209(A)(3), because the parties sought to enforce their respective security interests in defendants' accounts. While a judgment lien creditor has priority over other creditors, an exception exists for a prior perfected secured creditor in the same collateral. MCL 440.9317(1); MCL 440.9322(1)(a). Appellant provided the Uniform Commercial Code (UCC) filing of its perfected security interest in defendants' accounts, and plaintiff does not dispute the validity of appellant's security interest. Because appellant's security interest was perfected before plaintiff's judgment lien attached, appellant has a substantial interest in protecting and enforcing its interest in defendants' accounts against plaintiff, a junior creditor.

Next, a review of the record reveals no indication that that any garnishee-defendant has offered or attempted to represent appellant's interest in the garnishment proceeding. MCR 2.209(A)(3). Appellant's debtors, defendants, failed to even answer plaintiff's complaint, resulting in a default judgment against defendants.

Plaintiff's argument that intervention will cause a multifariousness of parties and claims is largely unpersuasive because its action already includes ten parties. We agree with appellant that denying intervention impaired and impeded appellant's interest in defendants' accounts and its rights could not be adequately represented by any of the existing parties. Thus, appellant's intervention would not be futile and denial of its intervention motion was not harmless.

In sum, under MCL 450.2012(h), enforcement of a security interest is not a business transaction in Michigan that requires a certificate of authority. Further, even if such action was a business transaction, appellant was permitted to defend its perfected, senior security interest in plaintiff's garnishment proceeding as an intervenor without a certificate of authority. MCL 450.2051(2); MCR 3.101(L)(2). Appellant has substantial interest in the litigation, and has established standing, a right to intervene, and that denial of its right to intervene did not constitute harmless error. As a result, the trial court erred in denying appellant's motion to intervene and its denial was further an abuse of discretion

Reversed and remand to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Anica Letica