## MEAGHER v McNEELY & LINCOLN, INC

Docket Nos. 171300, 174022. Submitted May 16, 1995, at Detroit. Decided July 14, 1995, at 9:10 A.M.

Michael Meagher brought an action in the Wayne Circuit Court against McNeely & Lincoln, Inc., and the City of Northville, alleging negligence relating to injury he sustained while working for Peter A. Basile & Sons, Inc., on a construction project for which the city had hired Basile & Sons as general contractor and McNeely & Lincoln as city engineer. The court, Louis F. Simmons, Jr., J., directed a verdict in favor of McNeely and Lincoln, granted summary disposition for the city, and awarded costs to the city as sanctions for the plaintiff's rejection of a mediation evaluation. The plaintiff appealed.

The Court of Appeals *held:*

1. Assuming, without deciding, that Michigan recognizes a theory of tort liability for the negligent hiring or selection of a contractor, the trial court did not err in directing a verdict for McNeely & Lincoln because the plaintiff was not employed by McNeely & Lincoln, but by Basile & Sons. Moreover, absent unique circumstances not present here, the employer had no duty to investigate the contractor and was free to assume that the contractor was of good reputation and was competent to do the work safely.

2. The plaintiff failed to preserve for appellate review his argument that the trial court erred in granting summary disposition for McNeely & Lincoln with regard to the plaintiff's retained-control theory by failing to raise it in the statement of issues presented.

3. The fact that the city's motion for summary disposition was filed before mediation was conducted does not make the award of mediation sanctions improper. The purpose of the sanction rule, MCR 2.403(O)(1), is to expedite and simplify final settlement of cases by placing the burden of litigation costs on the party who insists on trial by rejecting the mediation evaluation. Strict interpretation of the sanction rule, as urged by the plaintiff, would frustrate the purpose of the rule.

4. The amount of mediation sanctions awarded does not represent an abuse of the trial court's discretion.

Affirmed.

*Law Offices of Benner and Bilicki* (by *Brian J. Benner, Leo D. Neville,* and *Gary D. Weingarden*), for Michael Meagher.

*Vandeveer Garzia, P.C.* (by *Daniel P. Steele* and *Hal O. Carroll*), for McNeely & Lincoln, Inc.

Before: McDONALD, P.J., and R. B. BURNS* and C. W. SIMON, JR.,** JJ.

PER CURIAM. Plaintiff appeals as of right from a November 30, 1993, judgment granting a directed verdict in favor of defendant McNeely & Lincoln, Inc., and a March 8, 1994, order awarding costs to defendant City of Northville in this action to recover damages for injuries plaintiff sustained while working at a water main replacement construction project. We affirm.

The City of Northville hired Peter A. Basile & Sons, Inc., a general contractor, to complete a water main project. Plaintiff was employed as a laborer by Basile and was working at the water main construction site when injured. Defendant McNeely & Lincoln served as city engineers for the City of Northville and coordinated with the general contractor on the project.

Considering the evidence in a light most favorable to plaintiff, we find no error in the trial court's decision to grant defendant McNeely's motion for a directed verdict. *Davis v Wayne Co Sheriff,* 201 Mich App 572; 507 NW2d 751 (1993). It is unclear whether Michigan recognizes a theory of tort liability for negligent hiring or selection of a contractor, *Janice v Hondzinski,* 176 Mich App 49; 439 NW2d 276 (1989), and even were such an action

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.

** Circuit judge, sitting on the Court of Appeals by assignment.

viable, plaintiff could not prove the claim against McNeely because plaintiff was not "employed" by McNeely. Plaintiff was employed by Basile. Moreover, contrary to plaintiff's assertions, absent unique circumstances not present here, the employer had no duty to investigate the contractor and was free to assume the contractor was of good reputation and competent to do the work safely. Restatement Torts, 2d, § 411, p 376, and comment c, pp 378-379. The directed verdict was proper, as was denial of plaintiff's request to amend his complaint to allege the theory.[1]

Plaintiff failed to preserve his argument that the court erred in granting summary disposition in favor of defendant McNeely with regard to plaintiff's retained-control theory by failing to raise the claim in the statement of issues presented. MCR 7.212(C)(4); *Preston v Dep't of Treasury,* 190 Mich App 491; 476 NW2d 455 (1991). Insofar as plaintiff attempts to address the issue by claiming error in the trial court's denial of his motion to amend the complaint to allege McNeely was functioning in the capacity of a general contractor, we find no abuse of the court's discretion. *Froede v Holland Ladder & Mfg Co,* 207 Mich App 127; 523 NW2d 849 (1994). Plaintiff's original complaint clearly states, and the facts clearly reveal, Basile was the general contractor. The amendment would have been futile. *McNees v Cedar Springs Stamping Co,* 184 Mich App 101; 457 NW2d 68 (1990).

Finally, we reject plaintiff's contention the trial court erred in assessing mediation sanctions in favor of defendant city. Both defendants McNeely and the city moved for summary disposition on October 22, 1992. Mediation was conducted on

---

[1] It is unclear why the action proceeded to trial on this theory where the theory was not in plaintiff's complaint and the court denied plaintiff's motion to amend the complaint to add the theory.

November 3, 1992. The mediators rendered an award of $400,000 against McNeely and zero dollars against the city. Plaintiff rejected both awards. In an opinion dated March 9, 1993, the trial court granted defendant city's motion for summary disposition and dismissed the city from the action. Thereafter, the city moved for costs and mediation sanctions in the form of attorney fees for the period of time from which plaintiff rejected the mediation award to the time the trial court granted the city summary disposition.

A party who rejects a mediation evaluation is subject to sanctions if he fails to improve his position at trial:

> If a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation. [MCR 2.403(O)(1).]

Plaintiff argues the imposition of sanctions was improper because the city's motion for summary disposition was filed before mediation was conducted. We disagree. The purpose of the sanction rule is to expedite and simplify final settlement of cases by placing the burden of litigation costs on the party who insists on trial by rejecting the mediation evaluation. *Smith v Elenges,* 156 Mich App 260; 401 NW2d 342 (1986). This rule is "not to be interpreted with such wooden literalness if such a construction is inconsistent with [its] purpose." *Issa v Garlinghouse,* 133 Mich App 579, 582; 349 NW2d 527 (1984). To strictly interpret the court

rule as suggested by plaintiff would clearly frustrate the purpose of the rule. We decline to do so.

We also find no abuse of discretion in the amount of the mediation sanctions awarded. *Jernigan v General Motors Corp,* 180 Mich App 575; 447 NW2d 822 (1989). Plaintiff conceded the hourly fee charged by defendant's attorney was reasonable, and considerable argument, as well as documentation, was presented to the court with regard to the expert witness fee.

Affirmed.