ELIA v HAZEN

Docket No. 214227. Submitted February 10, 2000, at Grand Rapids.
Decided August 29, 2000, at 9:05 A.M. Leave to appeal sought.

Connie Elia and others brought an action in the Berrien Circuit Court
against Richard V. Hazen, alleging that the defendant negligently
caused an automobile accident in which the plaintiffs sustained
serious injury and impairment of bodily function. Mediation
resulted in an evaluation awarding damages to the plaintiffs. All
parties rejected the mediation evaluation. A jury returned a verdict
awarding each plaintiff damages that were more than ten percent
above those in the evaluation, and the court, David M. Peterson, J.,
entered judgment on the verdict. The plaintiffs appealed, claiming
that the trial court erred in denying their request for expert witness
fees. The defendant cross appealed, claiming that the trial court
erred in awarding the plaintiffs the cost of several depositions that
were read into the record.

The Court of Appeals *held*:

1. The trial court lacked discretion to deny an award of expert
witness fees to the plaintiffs on the ground that the plaintiffs, in
violation of a scheduling order, had failed to disclose their expert
witness fees before the settlement conference. An award of expert
witness fees to the plaintiffs is mandatory under MCR 2.403(O)(1),
which provides that a party must pay the opposing party's actual
costs where the party has rejected a mediation evaluation and the
action proceeds to a verdict that is less favorable to the party than
the mediation evaluation. For purposes of MCR 2.403(O), actual
costs include taxable costs such as expert witness fees, which are
taxable pursuant to MCL 600.2164; MSA 27A.2164, and a verdict is
less favorable to a defendant if it is more than ten percent above
the evaluation.

2. The trial court erred in awarding the plaintiffs the cost of sev-
eral depositions that were read into the record and transcripts of
which were given during trial to the judge, who in turn gave them
to a deputy court clerk serving as court recorder. MCL 600.2549;
MSA 27A.2549 provides in part that reasonable and actual fees paid
for the deposition of witnesses filed in any clerk's office shall be
allowed in the taxation of costs if the depositions were read into

evidence at trial. In this case, the submission of the depositions in question did not constitute filing in the clerk's office.

Reversed and remanded for further proceedings.

WHITE, J., concurring in part and dissenting in part, agreed that the trial court erred in denying an award of expert witness fees to the plaintiffs, but disagreed that the depositions were not filed in the clerk's office. The trial court's implicit determinations, that filing depositions with a deputy clerk operating in a courtroom is filing in "any clerk's office" and that counsel's actions in giving the transcripts of the depositions to the trial court to be kept in the file constituted filing, should be affirmed.

1. COSTS — EXPERT WITNESS FEES.

The failure of a plaintiff to comply with a pretrial order requiring that all expert witness fees be disclosed before the parties' settlement conference does not confer on the trial court discretion to refuse to award expert witness fees as part of the plaintiff's actual costs that are otherwise Otaxable under MCL 600.2164; MSA 27A.2164 (MCR 2.403[O]).

2. COSTS — DEPOSITIONS — FILING IN CLERK'S OFFICE.

Reasonable and actual fees paid for depositions of witnesses filed in any clerk's office are taxable costs in an action if the depositions were read into evidence at trial; providing a transcript of a deposition to the judge during trial does not constitute filing in the clerk's office, even where the judge gives the transcript to a deputy clerk who also serves as court recorder and the deputy clerk includes the transcript in the judge's case file (MCL 600.2549; MSA 27A.2549).

*John W. Ujlaky,* for the plaintiffs.

*James, Dark & Brill* (by *John C. Fish, Pamela L. Lightvoet,* and *Brett A. Howell*), for the defendant.

Before: ZAHRA, P.J., and WHITE and HOEKSTRA, JJ.

ZAHRA, P.J. In this automobile negligence case, plaintiffs Connie Elia, Louis Elia, Theresa Cipro, and Andrea Cipro appeal as of right from a judgment entered on a jury verdict, challenging the trial court's denial of expert witness fees as taxable costs.

Defendant[1] cross appeals, challenging the trial court's order awarding plaintiffs the cost of several depositions read into the trial record. We reverse and remand for further proceedings.

On September 9, 1995, the automobile in which plaintiffs were riding was struck in the rear by an automobile driven by defendant. Plaintiffs filed this automobile negligence action, alleging that the collision resulted in serious injury and impairment of bodily function. The case was mediated, and plaintiffs and defendant rejected the mediation evaluation. Following a jury trial, a verdict was rendered in favor of plaintiffs, and judgment was entered on the verdict. Thereafter, plaintiffs brought a motion for mediation sanctions in the form of actual costs and legal fees pursuant to MCR 2.403. The trial court ordered that defendant pay plaintiffs' costs and legal fees. It included the $19,389.16 cost of depositions that were read into the trial record, ruling that they were filed with the court clerk and used during trial in accordance with MCL 600.2549; MSA 27A.2549. However, the trial court denied plaintiffs' request for $13,750.43 in expert witness fees, ruling that plaintiffs failed to comply with a pretrial order requiring that all expert witness fees be disclosed before the parties' settlement conference.

On appeal, plaintiffs argue that the trial court erred in denying their request for expert witness fees on the basis of noncompliance with requirements set forth in this case's original pretrial scheduling order. A trial court's decision to award mediation sanctions in-

---

[1] We will refer to defendant-appellee Richard V. Hazen as "defendant." Plaintiffs settled their claims with General Motors Corporation, which is not a party to this appeal.

volves a question of law that is reviewed de novo. *Marketos v American Employers Ins Co*, 240 Mich App 684, 698; 612 NW2d 848 (2000), citing *Great Lakes Gas Transmission Ltd Partnership v Markel*, 226 Mich App 127, 129; 573 NW2d 61 (1997). However, we review a trial court's decision regarding the amount of an award of mediation sanctions for an abuse of discretion. *Meagher v McNeely & Lincoln, Inc*, 212 Mich App 154, 158; 536 NW2d 851 (1995); see *Giannetti Bros Constr Co v Pontiac*, 175 Mich App 442, 450; 438 NW2d 313 (1989). An abuse of discretion is found only in extreme cases in which the result is " ' "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." ' " *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 227; 600 NW2d 638 (1999), quoting *Marrs v Bd of Medicine*, 422 Mich 688, 694; 375 NW2d 321 (1985), and *Spalding v Spalding*, 355 Mich 382, 384-385; 94 NW2d 810 (1959).

In the present case, two separate pretrial scheduling orders were entered below. The first was entered on August 7, 1996, by Judge Casper O. Grathwohl. That order provided, with respect to expert witness fees:

> Prior to settlement conference, attorneys must exchange statements of the reasonable, necessary and proper fee or rate of fee proposed to be paid expert witnesses and which later may be taxed as costs. If there is any question as to the fee or rate of fee to be paid, it must be raised and heard prior to the settlement conference. Fees or rate of fees not so exchanged by statement will not be allowed and those exchanged without objection shall be allowed should costs be awarded.

This case was later reassigned to Judge John T. Hammond, who entered an amended pretrial scheduling order on February 11, 1997. That order was silent with respect to expert witness fees.[2] It is undisputed that plaintiffs did not comply with the original order's requirement that they disclose all expert witness fees before the settlement conference. Plaintiffs argue, however, that the amended pretrial order, which does not require disclosure, superseded the original order. We find it unnecessary to decide whether plaintiffs were required to comply with the terms of the original pretrial scheduling order given that plaintiffs are entitled to expert witness fees as mediation sanctions.

This case was mediated in favor of plaintiffs in the amounts of $30,000 for Andrea Cipro, $35,000 for Theresa Cipro, $5,000 for Connie Elia, and $22,500 for Louis Elia. Plaintiffs and defendant rejected the mediation evaluation. Thereafter, the jury rendered the following unadjusted verdict in favor of plaintiffs: $75,000 for Andrea Cipro, $105,000 for Theresa Cipro, $17,500 for Connie Elia, and $75,000 for Louis Elia.[3] The trial court entered judgment on the jury verdict.

Generally, a party that rejects a mediation evaluation is subject to sanctions if the party does not improve its position at trial. *Grow v W A Thomas Co*, 236 Mich App 696, 716; 601 NW2d 426 (1999), citing *Meagher, supra* at 157. MCR 2.403(O)(1) provides:

---

[2] The case was subsequently reassigned to Judge Paul L. Maloney and then to Judge David M. Peterson, who presided over the trial and the posttrial motions now at issue. Neither Judge Maloney nor Judge Peterson entered pretrial scheduling orders.

[3] Each of the amounts awarded the individual plaintiffs are less $1,500 settlement proceeds from General Motors Corporation and interest thereon.

> If a party has rejected an evaluation and the action pro-
> ceeds to verdict, that party must pay the opposing party's
> actual costs unless the verdict is more favorable to the
> rejecting party than the mediation evaluation. However, if
> the opposing party has also rejected the evaluation, a party
> is entitled to costs only if the verdict is more favorable to
> that party than the mediation evaluation.

Given that the parties rejected the mediation evalua-
tion and the jury verdict is more than ten percent
above the mediated value, plaintiffs are, as a matter
of law, entitled to mediation sanctions in the amount
of their "actual costs." MCR 2.403(O);[4] *Great Lakes
Gas Transmission Ltd Partnership, supra* at 130
(applying the clear language of MCR 2.403[O][1] and
holding that the rule's "use of the word 'must' indi-
cates that the award of costs is mandatory, not dis-
cretionary"). For the purposes of MCR 2.403, "actual
costs" are defined as "those costs taxable in any civil
action, and . . . a reasonable attorney fee based on a
reasonable hourly or daily rate as determined by the
trial judge for services necessitated by the rejection
of the mediation evaluation." MCR 2.403(O)(6)(a) and
(b); see *Grow, supra*. The power to tax certain
expenses is statutory, and the prevailing party cannot
recover such expenses absent statutory authority.
*Beach v State Farm Mut Automobile Ins Co*, 216
Mich App 612, 621; 550 NW2d 580 (1996). Expert wit-
ness fees are taxable under MCL 600.2164; MSA
27A.2164. Expert witness fees incurred by plaintiffs
would be part of their "actual costs" under MCR

---

[4] Plaintiffs' right to mediation sanctions is clear even without adding
assessable costs and interest given that the amount of the verdict itself is
more than ten percent above the mediation evaluation. See MCR
2.403(O)(3).

2.403(O). Therefore, the trial court lacked discretion to refuse to award expert witness fees on the ground that there was noncompliance with the terms set forth in the pretrial scheduling order. Accordingly, plaintiffs are entitled to provable expert witness fees on remand.

On cross appeal, defendant argues that the trial court erred in awarding plaintiffs the cost of several depositions that were read into the trial record. Defendant contends that the trial court misinterpreted MCL 600.2549; MSA 27A.2549 in awarding such costs. We review questions of statutory interpretation de novo. *In re MCI Telecommunications Complaint*, 460 Mich 396, 413; 596 NW2d 164 (1999).

MCL 600.2549; MSA 27A.2549 provides:

> Reasonable and actual fees paid for depositions of witnesses filed in any clerk's office and for the certified copies of documents or papers recorded or filed in any public office shall be allowed in the taxation of costs only if, at the trial or when damages were assessed, the depositions were read in evidence, except for impeachment purposes, or the documents or papers were necessarily used.

Here, plaintiffs were awarded the costs of thirty-five depositions that were read into the record at trial. It is undisputed that the majority of those depositions were not filed in the circuit court clerk's office,[5] but instead were presented to the trial judge during the course of the trial. The trial judge then gave them to Deann Kuelbs, who served as the Berrien County video court clerk/deputy court clerk and was present in the courtroom throughout the trial. Kuelbs kept the

---

[5] See our subsequent discussion regarding the filing of the depositions of Dr. Brian Cruise and Dr. Roy R. A. Till.

depositions with the judge's case file. Defendant does not dispute that the several depositions were read and used in the course of the trial, but, rather, disputes whether they were "filed in any clerk's office" in accordance with MCL 600.2549; MSA 27A.2549.

Under the plain language of the statute, the trial court erred in taxing the costs of those depositions not filed in a clerk's office.

> The primary intent of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. The first criterion in determining intent is the specific language of the statute. The Legislature is presumed to have intended the meaning it plainly expressed. Courts may not speculate regarding the probable intent of the Legislature beyond the words expressed in the statute. Where the language employed in a statute is plain, certain, and unambiguous, the statute must be applied as written without interpretation. When the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. Such a statute must be applied, and not interpreted, because it speaks for itself. [*Portelli v I R Constr Products Co, Inc*, 218 Mich App 591, 606-607; 554 NW2d 591 (1996) (citations omitted).]

In *Portelli*, this Court reviewed the trial court's taxation of costs of depositions, excerpts of which were included in the defendant's motion for summary disposition that was filed with the court clerk. *Id.* at 606. On appeal, the plaintiff argued that, because the depositions themselves were not filed in any clerk's office, the trial court erred in taxing their costs. *Id.* This Court agreed, stating, "The plain, clear, and unambiguous language of MCL 600.2549; MSA 27A.2549 indicates that the Legislature intended the taxation of costs only for depositions filed in a clerk's office." *Portelli, supra* at 607. Despite the fact the

depositions were used to resolve the case, this Court held that the trial court lacked statutory authority to tax the costs of the depositions. *Id.*

We reach the same conclusion in the present case. Notwithstanding that plaintiffs presented the several deposition transcripts to the trial judge, who eventually passed them to clerk Kuelbs, the depositions were not filed in any clerk's office and, thus, were not filed in accordance with MCL 600.2549; MSA 27A.2549.[6] Consequently, plaintiffs are not entitled to the costs of those depositions. This conclusion is necessary notwithstanding that "logic would indicate that depositions used to resolve a case should be taxable . . . ." *Portelli, supra* at 607. We are bound to apply the plain, unambiguous language of MCL 600.2549; MSA 27A.2549, which requires that depositions be "filed in any clerk's office," and may not speculate regarding the probable intent of the Legislature beyond that language or otherwise construe the statute's clear language. *Portelli, supra.*

We note that the record indicates that the depositions of Dr. Brian Cruise and Dr. Roy R. A. Till were properly filed in the circuit court clerk's office. Therefore, the costs of those two depositions are taxable pursuant to MCL 600.2549; MSA 27A.2549 and should be considered taxable on remand.[7]

---

[6] We reach that conclusion despite evidence suggesting that the Berrien Circuit Court employs a policy that allows parties the option to "bench file" documents. The requirements set forth by our Legislature in MCL 600.2549; MSA 27A.2549 supersede any local court policy or procedure.

[7] Despite defendant's argument on appeal that this Court is without authority to decide whether plaintiffs are entitled to costs for these two depositions, plaintiffs' assertion that they are entitled to those costs was preserved below. The issue whether plaintiffs were entitled to the costs of depositions that were read into the record was raised before, and addressed by, the trial court. Therefore, we have authority to review the

Reversed and remanded for proceedings consistent
with this opinion. We do not retain jurisdiction.

HOEKSTRA, J., concurred.

WHITE, J. (*concurring in part and dissenting in
part.*) I join in the majority's discussion of the first
issue concerning the denial of expert witness fees for
failure to comply with the first pretrial order. I dis-
sent from the majority's conclusion that the deposi-
tions were not filed in accordance with MCL
600.2549; MSA 27A.2549. I would affirm the trial
court's decision that the acts taken by counsel during
trial constituted filing under the statute.

During trial, the original of the depositions were
presented to · the court and given to the court
recorder/clerk, who was a deputy clerk with the
clerk's office. The depositions were used at trial and
were left with the recorder/clerk for the file. The
recorder/clerk then sent them back to the attorney
because of lack of space. While the depositions were
apparently not time-stamped and entered into the
docket before their return, they were still given to the
deputy clerk to be part of the court record. I would
affirm the trial court's implicit determinations that fil-
ing with a deputy clerk operating in a courtroom is
filing in "any clerk's office"[1] and that in the instant
case, counsel's actions in giving the originals to the

---

issue. See *Miller v Farm Bureau Mut Ins Co*, 218 Mich App 221, 235; 553
NW2d 371 (1996); *Adam v Sylvan Glynn Golf Course*, 197 Mich App 95,
98; 494 NW2d 791 (1992).

[1] I do not view a policy that permits "bench filing" with an official dep-
uty clerk in the courtroom as contrary to the statute. A courtroom with a
deputy clerk who is authorized to accept filings may be regarded as "any
clerk's office" under the statute.

court to be kept for the file constituted filing,[2] notwithstanding that the recorder/clerk later returned the depositions.[3]

I do not believe that *Portelli v I R Constr Products Co, Inc*, 218 Mich App 591, 606-607; 554 NW2d 591 (1996), compels a different conclusion. In *Portelli*, the depositions themselves were never given to the court clerk; rather, excerpts were included in the defendant's motion for summary disposition, which was filed with the court clerk. Had counsel in *Portelli* presented the entire deposition transcript to the court clerk upon arguing the motion for summary disposition, a different result may have obtained. Here, the depositions themselves were given to the deputy clerk to become part of the file.

---

[2] MCR 2.302(H) provides that except in certain situations, discovery materials, including depositions, may not be filed with the court. In many circuits, the court clerk's office will not accept depositions for filing, and the formal filing of the deposition takes place in the courtroom during trial.

[3] The trial court read the statute into the record and said:

So I can only read that for exactly what it says to me, filed in any clerk's office and read as evidence. So—and there were, I think, 37 depositions that were read as evidence. And for purposes of this hearing, over [defense counsel's] objection, I'm considering them filed in any clerk's office, because they were given to Mrs. Kuelbs [the recorder/deputy clerk] and she kept those for the file, however, sent them back because of the volume involved.