*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re TROUT, Minors.

UNPUBLISHED
March 14, 2024

No. 366607
Alcona Circuit Court
Family Division
LC No. 21-002733-NA

Before: SWARTZLE, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Respondent, who is the father of three minor children,[1] appeals of right the trial-court order terminating his parental rights to all the children under MCL 712A.19b(3)(c)(*ii*) (other conditions exist that cause the child to come within the court's jurisdiction), (g) (failure to provide proper care and custody), and (j) (reasonable likelihood of harm if returned to parent).[2] On appeal, respondent argues that the trial court clearly erred by terminating his parental rights without proper justification. Additionally, respondent contends that the trial court clearly erred by finding that termination of his parental rights was in the children's best interests. We affirm.

## I. FACTUAL BACKGROUND

This case began in 2021 based upon allegations of domestic violence to which the children were exposed. The children's mother was the aggressor and respondent the victim. The trial court ordered the mother out of the house and issued a no-contact order, but respondent allowed her to move back in with him and the children, and further incidents of domestic abuse ensued.

---

[1] The children's mother was also a respondent, but at the time of the termination hearing, she was responding well enough to services that reunification of the children with her appeared likely.

[2] The supplemental petition seeking termination of parental rights specified those three grounds and also cited MCL 712A.19b(3)(a)(*ii*), which concerns desertion. But there were no allegations of desertion, so the trial court did not address that subject.

Approximately 17 months after the filing of the initial petition, the prosecutor submitted a supplemental petition seeking to terminate respondent's parental rights. The supplemental petition cited murder charges filed against respondent arising from the death of his girlfriend's two-year-old child.[3] The children were removed from respondent, and the supplemental petition noted that respondent did not have suitable housing or income because he was in jail.

In this case, the trial court respected respondent's presumption of innocence in his criminal matter, but concluded that termination of his parental rights was appropriate in part because of his failure to take remedial measures in response to the domestic violence to which his children were exposed and additional domestic abuse that led to the death of his girlfriend's daughter. The trial court also expressed concerns about respondent's lack of cooperation with reunification services, including missing nearly half of his parenting-time opportunities.[4]

## II. LEGAL ANALYSIS

On appeal, respondent contends that the trial court erred when it determined that statutory grounds for termination existed under MCL 712A.19b(3)(c)(*ii*), (g), and (j). Respondent further asserts that the trial court erred when it found that termination of respondent's parental rights was in the best interests of the children. We will address each of these arguments in turn.

### A. STATUTORY BASES FOR TERMINATION

We review "for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014); see also MCR 3.977(K). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004). We afford "deference to the trial court's special opportunity to judge the credibility of the witnesses." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). "It is not for this Court to displace the trial court's credibility determination." *Id*. at 460. We review the interpretation and application of statutes and court rules de novo. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014).

"To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). "Only one statutory ground need be established by clear

---

[3] An investigator for Children's Protective Services reported that respondent stated that he met his girlfriend through social media and he wanted to help her through a difficult time, but the two were "not a couple." Nevertheless, respondent identified her as a girlfriend in his brief, so we shall use that term here.

[4] Respondent complains about the trial court's assessment of his participation in services, but he did not make that claim in his statement of the questions presented, thereby obviating the need to consider that argument. See MCR 7.212(C)(5); *Meagher v McNeely & Lincoln, Inc*, 212 Mich App 154, 156; 536 NW2d 851 (1995).

and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds." *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). In this case, the trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*ii*), (g), and (j). Those statutory provisions state as follows:

> The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:
>
> * * *
>
> (*ii*) Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.
>
> * * *
>
> (g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.
>
> * * *
>
> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

To the extent that respondent contests the parental fitness of the children's mother, however, that argument is immaterial. The mother's parental fitness—including her progress with reunification efforts—is not at issue in this appeal, and the trial court made no finding on that matter.

Respondent points out that neither petitioner nor the children's lawyer-guardian ad litem accused him of being the aggressor in any acts of domestic violence, and he contends that the trial court improperly decided that the domestic violence to which his children were exposed weighed in favor of termination of his parental rights. Respondent relies on *In re Jackisch/Stamm-Jackisch*, 340 Mich App 326, 334; 985 NW2d 912 (2022), in which this Court decreed that "[t]he fact that respondent was or is a victim of domestic violence may not be relied upon as a basis for terminating parental rights." But that pronouncement did not establish a simple, bright-line rule because this Court added that "termination may be properly based on the fact that a respondent's own behaviors

were directly harming the children or exposing them to harm." *Id.* (quotation marks, citation, and alteration omitted).

Even if only by repeated acquiescence, respondent shared responsibility for exposing his children to domestic violence. By inviting the children's mother back into his home, especially in the face of a no-contact order, with the result that the children witnessed further domestic violence, respondent not only failed to protect his children from such violence, but also enabled it. *In re Plump*, 294 Mich App 270, 273; 817 NW2d 119 (2011) (holding that when the petitioner provided a victim of domestic abuse "counseling for victims of domestic violence," but the victim "failed to benefit from the services and persisted in her relationship with the abuser of her children[,]" the termination of her parental rights was proper because "respondent's own behaviors were directly harming the children or exposing them to harm").

Respondent next asserts that the trial court improperly found that the abuse that led to the death of his girlfriend's daughter weighed in favor of termination of his parental rights because he did not harm the child and he had no rights or responsibilities concerning the child. The doctrine of anticipatory neglect recognizes that " '[h]ow a parent treats one child is certainly probative of how that parent may treat other children.' " *In re LaFrance*, 306 Mich App 713, 730; 858 NW2d 143 (2014), quoting *In the Matter of LaFlure*, 48 Mich App 377, 392; 210 NW2d 482 (1973). Respondent contends that that doctrine does not apply when the abuse involved a child unrelated to the children named in the petition and was not perpetrated by the respondent, but respondent's effort to deny responsibility for the death of the two-year-old child in his home is unpersuasive.

Under Michigan law, the term "*in loco parentis* generally has been understood as referring to a temporary assumption of the duties, character, or function of a lawful parent." *Doe by Next Friend Kolokithas v Alpena Pub Sch Dist*, ___ Mich App ___, ___; ___ NW3d ___ (2022) (Docket No. 359190); slip op at 5 (quotation marks and citation omitted). We find significant the language of MCL 712A.13a(1)(h), which defines "nonparent adult" as follows:

"Nonparent adult" means a person who is 18 years of age or older and who, regardless of the person's domicile, meets all of the following criteria in relation to a child over whom the court takes jurisdiction under this chapter:

(*i*) Has substantial and regular contact with the child.

(*ii*) Has a close personal relationship with the child's parent or with a person responsible for the child's health or welfare.

(*iii*) Is not the child's parent or a person otherwise related to the child by blood or affinity to the third degree.

Also, MCL 722.622(cc) defines "person responsible for the child's health or welfare" to include a "nonparent adult." Here, the record indicates that, in the relevant time period, respondent was *in loco parentis* with respect to his girlfriend's daughter, and so he was "charged . . . with a parent's rights, duties, and responsibilities." *Black's Law Dictionary* (11th ed). To hold that the doctrine of anticipatory neglect or abuse "applies only to parents who abuse or neglect their own children

is contrary . . . to the rule that the purpose of child protective proceedings is to protect the child." *In re Powers*, 208 Mich App 582, 593; 528 NW2d 799 (1995).

To be sure, respondent is presumed innocent until proven guilty, and the facts surrounding his girlfriend's child's death are in dispute and were not proven in the child protective proceeding. But the trial court did not conclude that respondent was guilty of homicide. Instead, the trial court expressed concerns that respondent had a duty to at least seek medical treatment for the child. The trial court determined that respondent could not reasonably look on while the child suffered severe abuse even if entirely at the hands of her mother. See *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011) ("When there is severe injury to an infant, it does not matter whether respondents committed the abuse at all, because under these circumstances there was clear and convincing evidence that they did not provide proper care."). For these reasons, the trial court properly held respondent substantially responsible for the abuse or neglect that ended the life of his girlfriend's daughter, and properly applied the doctrine of anticipatory neglect to find that it weighed in favor of terminating respondent's parental rights to his own children. Therefore, the trial court correctly recognized that respondent's role in repeatedly exposing his children to domestic violence weighed in favor of termination, so the trial court did not commit clear error when it found that termination was warranted under MCL 712A.19b(3)(j).

## B. BEST INTERESTS

Respondent also challenges the trial court's finding that termination of his parental rights was in his children's best interests. "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). "[T]he preponderance of the evidence standard applies to the best-interest determination[,]" *In re Moss*, 301 Mich App at 83, and appellate review is limited to a search for clear error. *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000).

"In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App at 714.

Here, the trial court acknowledged that a bond existed between respondent and his children. But weighing against respondent were the trial court's findings regarding his parenting ability, the advantages of foster placements over the home that respondent might provide, respondent's history of ignoring domestic violence while it took place to the detriment of the children in the household, and respondent's poor record of compliance with his case service plan, including his poor visitation history with his children. Respondent attributes his poor visitation to transportation problems, and he asserts that petitioner should have provided greater assistance. But the trial court acknowledged that petitioner could have been more helpful in the matter, while reasonably finding that respondent did not display appropriate "devotion" in relation to his parenting-time opportunities. And we note

that respondent does not assert that he entirely lacked the ability to travel during the relevant time period.

Respondent emphasizes that he was merely the victim of domestic violence at the hands of his children's mother. But a victim of domestic violence remains responsible for displays of such behavior in front of the children when that victim's own actions enable, or perpetuate, the problem. See *In re Jackisch/Stamm-Jackisch*, 340 Mich App at 334. Respondent disclaims responsibility for the death of his girlfriend's daughter, contending that he did not harm the child, he had no responsibility for preventing or reporting harm, and he did not realize how seriously the child was hurt. But as we have explained, respondent was *in loco parentis* with respect to the child, yet he failed to take the preventative or remedial actions a person with that special relationship was obliged to take.

Respondent complains that, because the trial court addressed his children's best interests collectively, there was "insufficient consideration for each child." See *In re Olive/Metts*, 297 Mich App at 42 ("the trial court has a duty to decide the best interests of each child individually"). This Court has made clear that *In re Olive/Metts* "stands for the proposition that, if the best interests of the individual children *significantly* differ, the trial court should address those differences when making its determination of the children's best interests," but that does not dictate "that the trial court errs if it fails to explicitly make individual and—in many cases—redundant factual findings concerning each child's best interests." *In re White*, 303 Mich App at 715-716. The trial court's concerns about respondent repeatedly exposing his children to domestic violence, failing to protect his girlfriend's daughter from fatal abuse, and not availing himself of parenting-time opportunities applied to each of his children. In his brief on appeal, respondent does not identify any basis for differentiation. Therefore, the trial court did not clearly err when it did not expressly give separate consideration to the best interests of each child.

Affirmed.

/s/ Brock A. Swartzle
/s/ James Robert Redford
/s/ Christopher P. Yates

-6-