**IN THE COURT OF APPEALS OF IOWA**

No. 13-1849
Filed January 14, 2015

**PHILIP DEAN TERMAAT,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Sioux County, James D. Scott, Judge.

Philip Termaat appeals the denial of his motion for correction of an illegal sentence. **AFFIRMED.**

Matthew R. Metzgar of Rhinehart Law, P.C., Sioux City, for appellant.

Philip Dean Termaat, Fort Dodge, appellant pro se.

Thomas J. Miller, Attorney General, Aaron Rogers, Assistant Attorney General, and Thomas Kunstle, County Attorney, for appellee.

Considered by Danilson, C.J., and Vogel and Bower, JJ. Scott, S.J., takes no part.

**BOWER, J.**

Philip Termaat appeals the denial of his motion for correction of an illegal sentence.  Termaat claims his sentences for voluntary manslaughter and attempt to commit murder are illegal because they violate Iowa's one-death, one-homicide rule as both are homicide offenses.  We find attempt to commit murder is not a homicide offense and affirm the district court's order.

## I.    BACKGROUND FACTS AND PROCEEDINGS

In 2002, the State charged Termaat with murder in the first degree for the killing of his wife, Melinda Termaat.  After plea negotiations, Termaat agreed to plead guilty to the amended charges of voluntary manslaughter and attempt to commit murder.  Termaat did not appeal his conviction or sentence.

On September 3, 2010, Termaat filed a motion for correction of an illegal sentence.  In his motion, Termaat argued by accepting his guilty pleas to voluntary manslaughter and attempt to commit murder the district court violated Iowa Code section 701.9 (2009),[1] the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, and article I, section twelve of the Iowa Constitution.  The State filed a resistance and claimed Termaat's motion should be treated as a petition for postconviction relief since Termaat's sentences were not illegal.  The district court agreed and denied Termaat's motion to correct an illegal sentence.  At the State's request, the court then

---

[1] Iowa Code 701.9 provides:
> No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted.  If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only.

considered the motion as an application for postconviction relief (PCR). The court denied the application finding it time barred. Termaat then filed multiple pro se motions with the district court, and a motion for writ of mandamus with the Iowa Supreme Court. The district court denied all of Termaat's motions, and our supreme court denied the writ.

On June, 8, 2012, Termaat filed a second PCR claiming the State violated his Fifth Amendment rights, his sentence was illegal pursuant to Iowa Code section 701.9, and he had received ineffective assistance of counsel. The State resisted the application on the merits and also argued the claims were barred by res judicata and collateral estoppel. Following a contested hearing, the court dismissed Termaat's application on all grounds except his claim for correction of an illegal sentence. Termaat then amended his application.

On September 4, 2013, a hearing was held on the amended application. Termaat claimed his sentence was illegal because the underlying convictions violate Iowa's merger statute, section 701.9. He claimed attempt to commit murder, a class "B" felony, is a lesser included offense of voluntary manslaughter, a class "C" felony. He also claimed the two offenses violated the one-death, one-homicide rule. After a thorough analysis, the court found Termaat's convictions did not violate the merger rule or subject him to double jeopardy. Finally, the court denied Termaat's one-death, one-homicide rule claim. Relying on *State v. Fix*, the court found attempted murder could not be defined as a "homicide offense." 830 N.W.2d 744, 746 (Iowa Ct. App. 2013).

Termaat now appeals the denial of his one-death, one-homicide rule claim.

## II. STANDARD OF REVIEW

We review claims of an illegal sentence for errors at law. *Fix*, 830 N.W.2d at 746. A claim that a sentence is illegal may be raised at any time under Iowa Rule of Criminal Procedure 2.24(5)(a). *State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009). Further, with respect to an illegal-sentence claim, the ordinary rules of issue preservation do not apply. *Id.* Illegal-sentence claims are not barred by statutes of limitation. *Veal v. State*, 779 N.W.2d 63, 65 (Iowa 2010).

## III. ANALYSIS

Termaat claims his convictions for attempt to commit murder and voluntary manslaughter of one victim resulting from one act violate the one-death, one-homicide rule and therefore his sentences are illegal. The State claims attempt to commit murder is not a homicide offense and cannot violate the one-death, one-homicide rule. The State also claims issue preclusion and the law of the case prohibited the district court from addressing Termaat's arguments and should prohibit Termaat's claim on appeal. [2]

In *Fix*, we provided an extensive definition of the one-death, one-homicide rule:

> Under Iowa law, when a defendant is convicted of separate homicide counts involving a single victim, judgment can be entered and sentence can be imposed for only one homicide offense. *State v. Wissing*, 528 N.W.2d. 561, 567 (Iowa 1995) (setting aside conviction for involuntary manslaughter where defendant was also

---

[2] Relying on our tolerant stance toward illegal sentence claims, we find the State's arguments of issue preclusion and law of the case fail.

convicted of vehicular homicide but only one death occurred); *State v. Gilroy*, 199 N.W.2d, 63, 68 (Iowa 1972) (annulling conviction of premeditated murder because life sentences for felony murder and premeditated murder constituted impermissible double punishment). In holding that a defendant who kills one person cannot be convicted and sentenced for two separate homicides, Iowa follows the prevailing view among state courts. *See Ex parte Rice*, 766 So. 2d 143, 151–52 (Ala. 1999) (collecting cases); *Ervin v. State*, 991 S.W.2d 804, 807–09 (Tex. Crim. App. 1999) (same).

830 N.W.2d at 746–47.

In *Fix*, we considered whether the offense of child endangerment resulting in death was a homicide offense. In concluding child endangerment resulting in death was a homicide offense, we defined "homicide offense":

> In legal parlance, a homicide is "[t]he killing of one person by another." Black's Law Dictionary 739 (7th ed. 1999). An "offense" is another word for a crime. *Id.* at 1108. "Kill" means "to put to death." American Heritage Dictionary 701 (2nd ed. 1985). It follows that a homicide offense would include any crime that involved one person putting another person to death. Because section 726.6 requires proof of a knowing, intentional, or willful act of endangerment that results in the death of a child (*see* Iowa Code § 726.6(1)(a)–(h)), we conclude it constitutes a homicide offense as contemplated by the *Wissing* court. Our conclusion is bolstered by the fact that the legislature deemed child endangerment resulting in death so grave an offense that it designated the crime as a class "B" felony and assigned a fifty-year prison term. *Cf. State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995) (considering length of sentences in deciding whether legislature intended multiple punishments).

*Id.* at 749. Under this standard, Termaat's claim fails. As the district court determined: "[A]ttempt to commit murder [Iowa Code section 707.11[3]] does not

---

[3] Iowa Code section 707.11(1) (2009) states:

> A person commits the offense of attempt to commit murder when, with the intent to cause the death of another person and not under circumstances which would justify the person's actions, the person does any act by which the person expects to set in motion a force or chain of events which will cause or result in the death of the other person.

involve one person putting another person to death, but rather an attempt to complete that act." Therefore, attempt to commit murder is not a homicide offense and does not run afoul of the one-death, one-homicide rule. The court did not err in denying Termaat's motion for correction of an illegal sentence.

**AFFIRMED.**