# IN THE COURT OF APPEALS OF IOWA

No. 19-0072
Filed February 19, 2020

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**BRETT EUGENE NOBLE,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Muscatine County, Tom Reidel, Judge.

Brett Noble appeals the district court's ruling on remand. **AFFIRMED.**

Jeffrey Powell, Coralville, and Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, (until withdrawal), for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Mullins, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VAITHESWARAN, Presiding Judge.**

Brett Noble pled guilty to attempt to commit murder, first-degree theft, voluntary manslaughter, and assault while participating in a felony. The district court imposed sentence and ordered the sentences to run consecutively. Noble filed a motion to correct an illegal sentence, which the district court denied.[1] On review of the court's decision, the court of appeals held "the defendant's convictions for attempted murder and voluntary manslaughter are predicated on the same act directed against the same victim and violate the rule announced in [*State v.*] *Ceretti*, [871 N.W.2d 88 (Iowa 2015)]." *Noble v. Iowa Dist. Ct.*, 919 N.W.2d 625, 634 (Iowa Ct. App. 2018) ("*Noble I*"). The court remanded the case for further proceedings, with the following instruction:

> At the State's election, the district court shall either: (1) vacate the defendant's conviction and sentence for voluntary manslaughter and resentence the defendant on the remaining convictions; or (2) vacate the plea bargain and the resulting convictions. In the event the State elects the latter remedy, "the State may reinstate any charges dismissed in contemplation of a valid plea bargain, if it so desires, and file any additional charges supported by the available evidence."

*Id.* (quoting *Ceretti*, 871 N.W.2d at 97).

On remand, the district court filed an amended sentencing order, explaining that the State "elected to have the conviction and sentence on Count 3, Voluntary Manslaughter, vacated and for resentencing to take place on the remaining counts." The court sentenced Noble to consecutive prison terms for the three remaining offenses—attempted murder, first-degree theft, and assault while participating in a felony—for a total term not to exceed forty years.

---

[1] Noble filed two motions to correct an illegal sentence. Only the second motion is at issue.

On appeal from the remand order, Noble contends (1) "the district court improperly applied existing law when it vacated [his] voluntary manslaughter conviction and resentenced [him] on attempted murder in a 'one homicide' case, resulting in an illegal sentence" and (2) his "appellate and resentencing counsel were ineffective for not adequately contesting the court of appeals decision that incorrectly instructed vacating voluntary manslaughter instead of attempted murder at resentencing." The State responds that the law-of-the-case doctrine precludes this court from revisiting the amended sentence.

"The law of the case doctrine 'represents the practice of courts to refuse to reconsider what has once been decided.'" *State v. Ragland*, 812 N.W.2d 654, 658 (Iowa 2012) (quoting *State v. Grosvenor*, 402 N.W.2d 402, 405 (Iowa 1987)). "The doctrine, however, is not absolute or inflexible." *United Fire & Cas. Co. v. Iowa Dist. Ct.*, 612 N.W.2d 101, 103 (Iowa 2000). For example, it is well established that an illegal sentence may be challenged at any time. *See* Iowa R. App. P. 2.24(5)(a); *State v. Bruegger*, 773 N.W.2d 862, 872 (Iowa 2009) ("Where, as here, the claim is that the sentence itself is inherently illegal, whether based on constitution or statute, we believe the claim may be brought at any time."). The doctrine also has not been applied to ineffective-assistance-of-counsel claims. *See State v. Ondayog*, 722 N.W.2d 778, 783–84 (Iowa 2006) ("Such claims are an exception to normal error-preservation rules and the 'law of the case' doctrine").

In *Termaat v. State*, 867 N.W.2d 853, 855 n.2 (Iowa Ct. App. 2015), this court declined to apply the law-of-the-case doctrine in an appeal raising the same sentencing issue Noble has raised. We stated, "Relying on our tolerant stance toward illegal sentence claims, we find the State's arguments of issue preclusion

and law of the case fail." *Termaat*, 867 N.W.2d at 855 n.2. In light of that tolerant stance, we decline to apply the law-of-the-case doctrine to preclude review of Noble's amended sentence. We turn to the merits of Noble's assertion that the sentence was illegal.

As noted, the court of appeals afforded the State the option to elect one of two remedies on remand: "either: (1) vacate the defendant's conviction and sentence for voluntary manslaughter and resentence the defendant on the remaining convictions; or (2) vacate the plea bargain and the resulting convictions." *Noble I*, 919 N.W.2d at 634. On remand, the district court approved the first option chosen by the State. Noble argues that option contravened the court's holding in *Ceretti*.

In *Ceretti*, the defendant entered an *Alford* plea[2] to attempted murder and he also pled guilty to voluntary manslaughter and willful injury causing serious injury. 871 N.W.2d at 90. The court held, "A defendant may not be convicted of both an attempted homicide and a completed homicide when the convictions are based on the same acts directed against the same victim." *Id.* at 96. The court next pondered the "appropriate disposition." *Id.* The court stated:

> Sometimes, when we conclude a conviction or sentence is improper on a particular record, we reverse the conviction and remand for resentencing to eliminate part of the sentence, while letting the balance of the sentence stand. If we were to follow that dispositional course in this case, we would vacate Ceretti's conviction for attempted murder and remand for resentencing on the voluntary manslaughter and willful injury causing serious injury convictions.

---

[2] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (permitting criminal defendants to enter a plea and "consent to the imposition of a prison sentence even if [they are] unwilling or unable to admit . . . participation in the acts constituting the crime").

However, some courts faced with analogous circumstances apply principles of contract law and vacate the entire plea agreement. For example, the Colorado Supreme Court has stated:

"[W]hen a defendant enters into a plea agreement that includes as a material element a recommendation for an illegal sentence and the illegal sentence is in fact imposed on the defendant, the guilty plea is invalid and must be vacated because the basis on which the defendant entered the plea included the impermissible inducement of an illegal sentence."

We conclude the circumstances of this case require us to follow the latter course because, as the State contends, Ceretti's appeal effectively "seeks to transform what was a favorable plea bargain in the district court to an even better deal on appeal." Ceretti "willingly embraced the . . . sentence in the plea agreement in return for not risking life imprisonment following a guilty verdict at trial." If we were simply to sever Ceretti's sentence for attempted murder, defendants might be motivated to enter plea agreements quietly—even if they have double punishment concerns—and then appeal them to obtain a more lenient sentence.

*Id.* at 96–97 (citations omitted). Accordingly, the court "vacate[d] all three convictions and the entire plea bargain and remand[ed] the case to the district court" with the following instructions: "'On remand, the State may reinstate any charges dismissed in contemplation of a valid plea bargain, if it so desires, and file any additional charges supported by the available evidence.' . . . Of course, the parties may negotiate a new plea agreement on remand or try the case." *Id.* at 97–98 (citation omitted).

The State characterizes the quoted paragraphs of *Ceretti* as a "speck of dicta." In our view, the language has more than a speck of significance. Nonetheless, we agree with the State that the disposition in *Ceretti* was not "the only possible way to remedy problems with multiplicity."

In *Noble I,* this court was cognizant of *Ceretti* and discussed it extensively. With *Ceretti* in the forefront, the court provided two options on remand. The district

court approved the State's selection of the first option. Because the court in *Ceretti* did not categorically foreclose that option, choosing to base its disposition "under the circumstances of t[he] case," we conclude Noble's amended sentence was legal. In light of our conclusion that a different sentence was not mandated by *Ceretti,* we conclude counsel did not breach an essential duty in failing to seek further review of this court's disposition in *Noble I* or in failing to raise the issue on remand.

We affirm Noble's amended sentence.

**AFFIRMED.**