# IN THE COURT OF APPEALS OF IOWA

―――――――――――

No. 25-0379
Filed May 27, 2026

―――――――――――

**Craig Anthony Finney,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

―――――――――――

Appeal from the Iowa District Court for Pottawattamie County,
The Honorable Amy Zacharias, Judge.

―――――――――――

**AFFIRMED**

―――――――――――

Steven J. Drahozal (argued), Assistant Public Defender-Wrongful
Convictions Unit, Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven (argued),
Assistant Attorney General, attorneys for appellee.

―――――――――――

Heard at oral argument
by Tabor, C.J., Sandy, J., and Doyle, S.J.
Opinion by Tabor, C.J.

**TABOR, Chief Judge.**

Craig Finney shot his former girlfriend. Before she died, he pleaded guilty to attempted murder. After she died, a jury convicted him of second-degree murder. The district court merged the existing attempted-murder sentence into the new fifty-year term. Finney now asks us to vacate his sentence for second-degree murder and remand for resentencing solely on his attempted-murder conviction. He argues that sentencing him on the murder offense after he was sentenced for attempted murder contravenes the rule articulated in *State v. Ceretti*, 871 N.W.2d 88, 96 (Iowa 2015) (concluding "the principle underlying the one-homicide rule—that multiple punishments for homicide are not allowed when the defendant kills one person—applies equally when one of the offenses is attempted murder").

But granting Finney's requested relief would distort both the scope and the purpose of *Ceretti*. That precedent does not bar conviction and sentencing for both offenses; rather, it prohibits the imposition of multiple punishments for a single killing. *Ceretti*, 871 N.W.2d at 96. Because the district court properly merged Finney's sentences and imposed only one punishment, the inequities the court sought to prevent in *Ceretti* are not implicated here.

Finney also alleges that the order of $150,000 in restitution to the victim's heirs under Iowa Code section 910.3B (2014) violates the one-homicide rule. Because that restitution obligation was part of the punishment for second-degree murder, it was permissible after the sentences merged.

## I.  Facts and Prior Proceedings

Early one morning in June 2011, Finney entered the home of his ex-girlfriend, Patty Harker, and fired shots through the bathroom door—nearly

striking another man who was hiding there. Finney also shot Harker in the back as she fled. The State charged Finney with eight crimes—including two counts of attempted murder, one count of burglary in the first degree, one count of willful injury causing serious injury, one count of going armed with intent, two counts of assault while participating in a felony, and one count of flight to avoid prosecution. In a bargain with the State, Finney pleaded guilty to attempted murder for shooting Harker and received a sentence of twenty-five years with a seventy-percent mandatory minimum before parole eligibility.[1]

Although Harker initially survived the shotgun wound to her back, she died two years later from the injuries she sustained. According to the medical examiner, her death resulted from a brain injury caused by respiratory failure arising from complications of the shotgun wound. After Harker's death, the State charged Finney with first-degree murder; a jury found him guilty of second-degree murder. At sentencing, the district court imposed a term not to exceed fifty years with a seventy-percent mandatory minimum and ordered that sentence to merge with Finney's existing attempted-murder sentence. The sentencing court also ordered $150,000 in victim restitution under Iowa Code section 910.3B. Finney did not appeal.

Then, over eight years later, Finney applied for postconviction relief (PCR), alleging that his sentence was illegal. He argued that it violated double jeopardy, Iowa's common law one-homicide rule, and the extension of the one-homicide rule under *Ceretti*. Finney also raised three claims of ineffective assistance of counsel for: (1) not informing him of appellate deadlines, (2) not challenging the conviction for second-degree murder as

---

[1] Finney appealed the factual basis for his attempted murder plea. But the Iowa Supreme Court affirmed his conviction. *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013).

double jeopardy, and (3) telling the jury about the attempted murder conviction.

The State moved for summary disposition, asserting that the one-homicide rule did not apply. Finney argued that summary disposition was inappropriate because the legality of his sentence presented a genuine issue of material fact under the one-homicide rule and because the two sentences do not and cannot merge. After two hearings on the State's motion, the PCR court rejected each of Finney's illegal-sentence claims on their merits, found that his claims for ineffective assistance of counsel were timed-barred, and dismissed the PCR action. Finney appeals.

## II.    Standard of Review

We review Finney's sentencing challenges to merger and restitution for correction of legal error. *See Ceretti*, 871 N.W.2d at 96; *State v. Roache*, 920 N.W.2d 93, 99 (Iowa 2018).

## III.    Analysis

Finney protests the district court's decision to merge his sentences. His reasoning is threefold. First, he points out that attempted murder does not merge with second-degree murder under the *Blockburger* test[2] because attempted murder has a specific-intent element not found in second-degree murder. *Cf. Ceretti*, 871 N.W.2d at 92 (finding elements of voluntary manslaughter and attempted murder did not align). Second, Finney argues that under *Ceretti*, he could not be *convicted* of both attempted murder and second-degree murder. *See id*. at 96 ("A defendant may not be convicted of both an attempted homicide and a completed homicide when the convictions

---

[2] *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

are based on the same acts directed against the same victim."). Third, he contends that because he was first convicted of attempted murder, only that sentence can survive absent merger. So, he asks that his second-degree murder conviction and sentence be vacated.

To counter, the State emphasizes that Finney is time-barred from attacking his underlying convictions. *See* Iowa Code § 822.3. Only his challenge to the legality of his sentence may be raised at any time. *State v. Greenland*, 17 N.W.3d 347, 351 (Iowa 2025). In the State's estimation, "Finney is attempting to read *Ceretti* to bar all *prosecutions* for offenses that the one-homicide rule would encompass—as opposed to multiple *punishments.*" And because the court only imposed one punishment—that for second-degree murder—Finney's sentence does not violate *Ceretti* or the one-homicide rule.

Shifting gears, the State argues that Finney's appeal is controlled by *State v. Henry*, 483 N.W.2d 2, 4–5 (Iowa Ct. App. 1992) (finding that victim's death after Henry's guilty plea to willful injury was a new fact, so the trial for murder did not place him twice in jeopardy), and *State v. Ruesga*, 619 N.W.2d 377, 382–83 (Iowa 2000) (citing *Henry* and finding successive prosecution for felony murder following death of child was not barred by earlier conviction for felony child endangerment).

Both Finney's reading of *Ceretti* and the State's reliance on *Henry* and *Ruesga* miss the mark. *Ceretti* did not involve a delayed death. And neither *Henry* nor *Ruesga* invoke any variant of the one-homicide rule. This case falls somewhere in between. To decide where it falls, we examine the concept of merger and the legality of Finney's single sentence for second-degree murder.

## A. Merger

Merger is the shared remedy to two different theories: double jeopardy and the one-homicide rule. *See State v. Finnel*, 515 N.W.2d 41, 43–44 (Iowa 1994) (holding double jeopardy bars multiple punishment for the same offense; no person may be convicted of a public offense that is a lesser-included offense of another crime of which the person is convicted); *State v. Wissing*, 528 N.W.2d 561, 567 (Iowa 1995) (noting where two convictions arise from one death, we permit sentencing on only one of the homicide offenses).

The parties agree that because attempted murder was not a lesser-included offense of second-degree murder, the sentences did not merge under double jeopardy principles.[3]

## B. The One-Homicide Rule and *Ceretti*

We turn next to whether Finney's subsequent sentence violates Iowa's common law one-homicide rule. Our supreme court has articulated the one-homicide rule as follows: "Generally, a defendant who is convicted of distinct offenses may be punished for both. However, where the offenses arise from one homicide, we permit sentencing on only one of the homicide offenses." *Wissing*, 528 N.W.2d at 567; *see also State v. Fix*, 830 N.W.2d 744, 747–48 (Iowa Ct. App. 2013) (establishing that the rule prohibits "a trial court from entering judgments and imposing sentences for multiple homicide offenses if

---

[3] Finney pleaded guilty to attempted murder, which consists of two elements: (1) an act, (2) done with intent to cause another person's death. *See* Iowa Code § 707.11(1). A jury later found him guilty of second-degree murder, which also consists of two elements: (1) a person kills another person, (2) and does so with malice aforethought. *See id.* § 707.3(1). Malice aforethought does not require proof of specific intent to kill. *State v. LuCore*, 989 N.W.2d 209, 217 (Iowa Ct. App. 2023).

the defendant was convicted for killing only one person"). We have noted an important nuance to the one-homicide rule in two previous cases: while the rule protects defendants from excessive sentencing, it is "not technically rooted in either the constitutional double jeopardy clauses or the merger statute at Iowa Code section 701.9." *Fix*, 830 N.W.2d at 748; *see also Noble v. Iowa Dist. Ct.*, No. 17-0422, 2018 WL 1433797, at *3 (Iowa Ct. App. 2018) (clarifying that although *Ceretti* addressed merger by applying the *Blockburger* test—treating merger as a statutory expression of double jeopardy—the one-homicide rule operates as an independent common law rule distinct from both).

In *Ceretti*, the defendant was convicted of both attempted murder and voluntary manslaughter. 871 N.W.2d at 95. Like Finney, Ceretti's two convictions do not require merger under the *Blockburger* test because they each have an element the other does not. *Id.* The court observed that although Ceretti's convictions did not merge, and despite attempted murder's status as a non-homicide offense, the underlying principle of the one-homicide rule—"that multiple punishments for homicide are not allowed when the defendant kills one person"—nevertheless precludes punishment for both crimes. *Id.* at 96 (recognizing attempted homicide as a homicide offense under the one-homicide rule); *see also Termaat v. State*, 867 N.W.2d 853, 854 (relying on precedent to determine that attempted murder "could not be defined as a 'homicide offense'" under the one-homicide rule) (citation omitted).

Like Ceretti, Finney was convicted of the non-homicide offense of attempted murder and, once the victim died and the elements of murder were

satisfied, was subsequently prosecuted for a homicide offense.[4] *See Ceretti*, 871 N.W.2d at 95. Finney argues that the one-homicide rule was violated because he was sentenced for both an attempted homicide and a completed homicide. *See id*. at 95–96. Finney further contends that the imposition of sentences on both convictions falls within the conduct *Ceretti* denounced. *Id*. at 96 (relying on this statement from the court: "A defendant may not be convicted of both an attempted homicide and a completed homicide when the convictions are based on the same acts directed against the same victim").

The State disagrees, asserting that the district court correctly merged the sentences under *Ceretti*. The State further highlights that *Henry* and *Ruesga* permit pursuit of a greater charge when a subsequently arising fact establishes the greater offense and did not exist at the time of sentencing for the previously convicted lesser included offense. *See Henry*, 483 N.W.2d at 4; *Ruesga*, 619 N.W.2d at 383.

We consider the State's reliance on *Henry* and *Ruesga*, but read those decisions in conjunction with *Ceretti*, under which the district court properly merged Finney's two sentences. Finney misinterprets *Ceretti*'s extension of the one-homicide rule as prohibiting sentencing on two separate convictions arising from a single underlying murder. Although *Ceretti* holds that a defendant may not be punished for both convictions under the one-homicide rule, when read alongside *Henry* and *Ruesga*, it permits sentencing on both convictions so long as the sentence ultimately served reflects only the greater offense. *Ceretti*, 871 N.W.2d at 95–96 (noting that multiple punishments would also violate rule 2.22(3)); *Henry*, 483 N.W.2d at 4; *Ruesga*, 619 N.W.2d

---

[4] Finney's homicide offense, however, was second-degree murder instead of involuntary manslaughter.

at 383; *see also Noble*, 2018 WL 1433797, at *2 (clarifying that the one-homicide rule limits punishment, not prosecution, for offenses arising from a single death when one offense is a homicide offense and the other is not).

The State also notes Finney's inability to use the illegal-sentence challenge to attack either of his underlying convictions because the argument was raised outside of the three-year time bar. Thus, if Finney's contention that the sentences cannot merge under the one-homicide rule were true, his existing sentence would be vacated and the court would "order a full resentencing on *both* of his convictions." But because the one-homicide rule permits merger of his sentences, the court properly merged Finney's second-degree murder sentence with his existing attempted murder sentence. *See, e.g., Ceretti*, 871 N.W.2d at 95–96; *Fix*, 830 N.W.2d at 751. The merger, in turn, allowed the court to commence the sentence retroactively and credit Finney with all time served on the earlier sentence.

True, under *Ceretti*, our supreme court analogized to the one-homicide rule to find that attempted murder—even though it's a non-homicide offense—must be considered as a punishment when analyzing whether a defendant is serving multiple punishments for a single slaying. 871 N.W.2d at 96. But notwithstanding the one-homicide rule and the rule in *Ceretti*, it's well-established that the State must be able to prosecute a crime once it has occurred; in fact, courts have made an exception for it even when it could violate the constitutional right against double jeopardy. *Ruesga*, 619 N.W.2d at 383; *Diaz v. United States*, 223 U.S. 442, 449 (1912).

The one-homicide rule surely was not intended to create an additional obstacle. And here, the State could not prosecute Finney for the full extent of his crimes until all the elements occurred. Once the State did prosecute Finney, and once Finney was found guilty of second-degree murder, the court

did not impose that sentence atop his sentence for attempted murder. Finney is only serving one sentence, and so neither the one-homicide rule—nor *Ceretti*—is implicated.

### C. Restitution

Finney also claims the $150,000 restitution imposed as part of his second-degree murder sentence violates the one-homicide rule and *Ceretti* because it constitutes a second punishment beyond his initial sentence. *See* 871 N.W.2d at 91. Finney supports his claim by noting the punitive nature of the restitution and the State's express statement that the restitution was "in addition to the actual damages that were claimed in the prior attempted murder case." The State asserts that the $150,000 restitution is mandatory as part of the punishment for second-degree murder and therefore represents the sole punishment remaining after merger.

While Iowa courts have consistently recognized the punitive nature of the restitution under section 910.3B, our supreme court has confirmed that restitution is also determinate and requires a jury to find that the defendant caused the death of another beyond a reasonable doubt. *See State v. Davison*, 973 N.W.2d 276, 281–83 (Iowa 2022). Here, the jury's second-degree murder verdict authorized the imposition of the mandatory $150,000 restitution. *See* Iowa Code § 910.3B(1).

Finney attempts to draw a distinction between the mandatory $150,000 restitution and the original remedial restitution imposed after his guilty plea to attempted murder, improperly relying on a distinction that section 910.3B expressly contemplates with its "in addition" language. *See id.* (incorporating the mandatory restitution for murder by expressly noting that it is imposed "in addition to" remedial restitution). Because the mandatory restitution imposed here reflects the statute's determinate

requirement, which outweighs its punitive nature, and because the statute expressly contemplates its addition to remedial restitution, we affirm the imposition of the $150,000 restitution for Finney's second-degree murder conviction.

**AFFIRMED.**